DEFENDANT'S EXHIBIT K

| | |
|---|---|
| DISTRICT COURT<br>CITY & COUNTY OF DENVER<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED<br>January 31, 2018<br>CASE NUMBER: 2017CV34724 |
| **Petitioner: AJS HOLDINGS, LLC**<br><br>**v.**<br><br>**Respondent: BETH MCCANN, DISTRICT ATTORNEY, COLORADO SECOND JUDICIAL DISTRICT** | ▲ COURT USE ONLY ▲ |
| | Case Number: 17CV34724<br><br>Courtroom:  409 |

### ORDER RE: MOTION FOR RETURN OF PROPERTY

THIS MATTER is before the Court on Petitioner AJS Holdings, LLC.'s Motion for Return of Property pursuant to C.R.Cr.P. 41(e).  On January 23, 2018, Petitioner filed a Return of Service as to Respondent, Beth McCann, District Attorney, Colorado Second Judicial District. The Court has no information that any other action has been filed.

Petitioner alleges the following, in part:

1. Petitioner AJS Holdings, LLC is a Colorado limited liability company that had significant property seized as part of an investigation by Respondent.
2. Pursuant to the search warrants, Respondent seized the property of Petitioner, which included currency, documents, electronic equipment including computers and security devices, as well as records and record keeping equipment, and financial accounts.
3. Respondent's actions caused the Petitioner's business bank accounts at Partner Colorado Credit Union, with a balance of greater than $2,200,000.00, to be frozen.
4. Respondent seized and froze Petitioner's funds, and they were collected and held by Blue Line Protection Group in the amount of $317,295.92. The currency seized and the funds that were frozen represent substantially all of the cash and liquid assets of AJS Holdings, LLC available for use in the continued operation of the licensed businesses. No other accounts or funds exist.

Petitioner relies upon C.R.Cr.P. 41(e) for relief.  The Rule provides in part:

(e) Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure may move the district court for the county where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:
(1) The property was illegally seized without warrant; or
(2) The warrant is insufficient on its face; or

(3) The property seized is not that described in the warrant; or
(4) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
(5) The warrant was illegally executed.

"[A]ctions for return of property [that are filed] prior to the initiation of any civil or criminal proceedings flowing from the seizure of that property are in the nature of an equitable proceeding and are therefore governed by equitable principles." *In re Search Warrant for 2045 Franklin, Denver, Colo.*, 709 P.2d 597, 599 (Colo. App. 1985) (citing *United States v. McWhirter,* 376 F.2d 102 (5th Cir.1967). "[I]f there are no criminal proceedings pending against the defendant, and the defendant files a Fed.R.Crim.P. 41(e) motion for return of property seized ... as part of some other nonjudicial proceeding or occurrence, the district court should construe the motion as an independent civil action based on equitable principles." *United States v. Banks,* 09-CR-00266-CMA, 2015 WL 4882490, at *1 (D. Colo. Aug. 17, 2015) (quoting *United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996)).

"The defendant bears the burden of establishing under Rule 41(g) that 'the retention of the property by the government is unreasonable ...'" *United States v. Nelson*, 190 Fed. Appx. 712, 714–15 (10th Cir. 2006).[1] (quoting *In re Matter of Search of Kitty's East,* 905 F.2d 1367, 1375 (10th Cir.1990)). "Additionally, a Rule 41(g) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury." *United States v. Jeffs*, 2006 WL 898112, at *2 (D. Colo. Apr. 4, 2006) (citing *United States v. Akers,* 215 F.3d 1089, 1106 (10th Cir.2000) (citing *Clymore v. United States,* 164 F.3d 569, 571 (10th Cir.1999) (Rule 41(g) is an equitable remedy available only to a claimant who can show irreparable harm and an inadequate remedy at law)).

The Court finds that this matter must be treated as any other civil action, and thus the Colorado Rules of Civil Procedure shall apply. A Delay Reduction Order shall be issued.

SO ORDERED.

DATED AND SIGNED January 31, 2018.

BY THE COURT:

*J. Torrington*

_____

Jennifer Torrington
DISTRICT COURT JUDGE

---

[1] The Court notes that Fed.R.Crim.P. 41(g) is substantially similar. "When a Colorado Rule is similar to a Federal Rule of Civil Procedure, [Colorado courts] may look to federal authority for guidance in construing the Colorado rule." *Benton v. Adams*, 56 P.3d 81, 86 (Colo. 2002); see also e.g. *Kaiser v. Market Square Discount Liquors, Inc.*, 992 P.2d 636, 643 (Colo. App. 1999).