## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03588-GPG-KAS

TREY FRANZOY, an individual;
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado
Division of Gaming, Colorado Department of Revenue, and in his individual capacity;
MICHAEL PHIBBS, in his individual capacity;
DANIEL J. HARTMAN, in his individual capacity;
KIRSTEN GREGG, in her individual capacity;
CITY OF GRAND JUNCTION, COLORADO;
CITY OF PUEBLO, COLORADO; and
CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

---

## REPLY IN SUPPORT OF JOINT MOTION TO STAY DISCOVERY AND DISCLOSURE REQUIREMENTS PENDING DETERMINATION ON MOTIONS TO DISMISS

---

      Defendants, by and through their respective undersigned counsel, file this Reply in support of the previously filed Motion to Stay Discovery and Disclosure Requirements. (D. 48, "Stay Motion"). This matter should be stayed for the reasons in the Stay Motion, as further set forth herein:

## ARGUMENT

**A. State Defendants are entitled to stay of all proceedings.**

      As argued in the Stay Motion, State Defendants are entitled to a stay of all proceedings pending determination on the Motions to Dismiss. Plaintiffs' Response does

{05220470.DOCX;1 }

not challenge these immunity-based arguments or direct any argument to State Defendants, effectively conceding the appropriateness of a stay. (D. 56, pp. 3, 12). Despite making no substantive argument as to State Defendants, Plaintiffs ask that the Court nonetheless require that State Defendants (along with City Defendants) serve initial disclosures. *Id.* Plaintiffs offer no basis for why State Defendants should be required to make initial disclosures if discovery is stayed against them. Disclosures are part of the discovery process, still implicate the burdens of discovery, and require counsel to review materials, expend time, consider issues of privilege, and make determinations on what to disclose. Because State Defendants have raised threshold immunity defenses, constitutional standing, and several other wholly dispositive arguments (D. 33), and there is a strong likelihood that Plaintiffs' claims will not look the same after the Court decides the pending motions, State Defendants should be afforded a stay of all proceedings.

**B. The String Cheese Factors Favor a Stay of this Action in its Entirety.**

In addition to the reasons argued by State Defendants, this case is uniquely well-suited to be stayed in its entirety. While municipalities are not generally entitled to stays of discovery, most cases do not involve allegations this broad. Given the unusually broad nature of the claims, the sweeping allegations of coordinated activity amongst all Defendants, the legal defenses presented by each Defendant, and the expenditure of government resources to defend claims that will likely be at least narrowed if not eliminated by the pending motions, this case should be stayed.

This is especially true in light of Plaintiffs' Proposed Scheduling Order, which contemplates voluminous discovery exceeding the presumptive limits based on the

number of claims, parties, and purportedly complex nature of the case. *See infra and*

**Exhibit A** (Plaintiffs' proposed scheduling order, circulated to Defendants on Friday,

March 20, 2026)*.*

> <u>**Factor One**</u>: ***Plaintiffs' interest in proceeding expeditiously v. prejudice of delay.***

Plaintiffs argue a specific interest in moving forward because their harms are

"ongoing" and seek injunctive relief. (D. 56, pp. 8-9). Plaintiffs cite no case law, and

Defendants are aware of none, that says injunctive relief claims (outside the preliminary

injunction context) have heightened protections from stays. *See, e.g., Chapman v. Fed.*

*Bureau of Prisons,* No. 15-CV-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July

30, 2015) (staying case on injunctive and damage claims against single defendant).

Plaintiffs point to the passage of time, including the notion that memories fade and

materials may be lost as time passes. (D. 56, pp. 8-9). But that is true in every case,

Plaintiffs' assertions are speculative, and no non-speculative argument is offered for why

that concern exists here. "Speculation that evidence will be lost, without more, is

insufficient to demonstrate undue prejudice." *Johns Manville Corp. v. Knauf Insulation,*

*Inc.,* No. 15-cv-2671-CMA-KLM, 2016 WL 9752315, at * 4 (D. Colo. Oct. 27, 2016)

(quoting *Evol. Intel., LLC v. Mill. Media, Inc.,* No. 13-cv-4206-EJD, 2014 WL 2738501, at

*6 (N.D. Cal. June 11, 2014)).

To show why the requested stay would be prejudicial, Plaintiffs point to their First

Amendment claim. (D. 56, p. 8) ("The loss of First Amendment freedoms…

unquestionably constitutes irreparable injury.") (citing *Elrod v. Burns*, 427 U.S. 347, 373

(1976)). But the Stay Response does not identify any First Amendment interest, what the

infringement has been, or how any First Amendment-protected activity is actively being harmed. Nor does any reasonably apparent First Amendment interest apply to the operation of skill-based contests. Plaintiffs' reliance on the First Amendment is conclusory and insufficient to show prejudice. Similarly, the Court need not reach an ultimate decision on the merits of the pending Motions to Dismiss to find that Plaintiffs' First Amendment claim is well-suited for a legal determination before discovery proceeds.

Finally, Plaintiffs' allegations that Colorado Springs has held their property "for years without a hearing," Grand Junction's third-year moratorium bars them from relocating in the city, and Pueblo searched their business in April 2025 are insufficient to show prejudice. (D. 56, p. 8). For one, Plaintiffs' assertions about continued harm are conclusory. Also, any claim of urgency concerning property held "for years" and a moratorium in its third year cannot now be asserted to show prejudice from delay, where years have passed with no claim made by Plaintiffs. *See, e.g., Salient Power Solutions, LLC v. Cullari Industries, LLC,* 2023 WL 3847307, at *3 (D. Colo. June 6, 2023) (holding that three-month delay between harm and action supported denying TRO and collecting cases for same principle). Indeed, Plaintiffs' failure to pursue available state law remedies for the return of their property from Colorado Springs is a reason why their procedural due process claim against the city must be dismissed. (Doc. 34, pp. 14-15). Plaintiffs' choice to wait as long as they did to file suit and to ignore state law remedies in the meantime does not create prejudice.

As noted in the Stay Motion, all Defendants have filed dispositive motions at the earliest opportunity. There is no Scheduling Order, no trial date, and no identified

prejudice. Therefore, the first *String Cheese* factor weighs in favor of a stay of this case in its entirety.

### Factor Two: *Burden on Defendants if a stay is not entered.*

Defendants will face a substantial and undue burden should discovery proceed. Plaintiffs do not contest the individual State Defendants' burdens, given their immunity defenses, but they argue City Defendants will face no meaningful burden. This is not the case, where Plaintiffs will seek *Monell* discovery on multiple overlapping claims, the contours of which are unclear. Especially given Plaintiffs' intention to ask that the court expand the presumptive limit for depositions in this case (*see infra and* **Exhibit A**), discovery would be highly burdensome and prejudicial, without the Court first having an opportunity to narrow the issues.

Plaintiffs argue that their overlapping claims do not support a stay because the *Monell* claims are separate from the individual capacity claims. (D.56, p. 7). They argue that because "the *Monell* claims do not turn on what the State Defendants did," the discovery is not "inextricably intertwined." (D. 56, p. 6). This does not comport with Plaintiffs' theory of the case as expressed in the Amended Complaint. Plaintiffs' *Monell* claims against Pueblo and Grand Junction are respectively titled "Prior Restraints and Due Process Violations ***Through Coordinated Enforcement***" (D. 25, Count V) (*emphasis added*) and "Ordinance-Based Relocation Prohibition ***and Coordinated Targeting***." (D. 25, Count VII) (*emphasis added*). The *Monell* claim against Colorado Springs is no less intertwined, where Plaintiffs sue State Defendants for the same incident, without alleging separate participation by any State Defendant. (D. 25, at ¶¶ 55-

56; *see also id.* at ¶¶ 2, 20, 24, 41, 42, 44, 52, 56, 93, 123, 127, and Prayer for Relief (similar allegations of state-city coordination)). That the allegations are conclusory should not weigh against a stay. Because Plaintiffs assert broad and overlapping claims against Defendants, their overlapping nature makes the already-broad claims unclear, and a decision on the pending Motions to Dismiss is likely to narrow and at least clarify the scope of discovery, Defendants would be prejudiced by proceeding in the interim, and the Stay Motion should be granted.

The prejudice is compounded by the sweeping nature of discovery in this case. Since filing their Stay Response, Plaintiffs have proposed that each side be permitted 15 depositions, a considerable increase from the presumptive limit of 10. Plaintiffs attribute this to "the complexity of the case, which involves four individual state defendants, three municipal defendants each requiring at least one Rule 30(b)(6) deposition, key third-party fact witnesses, and seven distinct claims spanning Fourth Amendment, First Amendment, Fourteenth Amendment, and Monell theories." **Exhibit A**, Plaintiffs' Draft Prop. Sched. Order, p. 11. They anticipate experts in the fields of economics and forensic accounting, law enforcement procedures, municipal policy and *Monell* liability, and gaming technology and device classification. *Id.,* p. 15.

In so asserting, Plaintiffs show why the absence of a stay would prejudice Defendants. A complex, seven-defendant case with seven overlapping claims, three separate *Monell* theories, four experts, and 30 contemplated depositions at the outset is extraordinary. And it would be time-consuming, costly, and burdensome. Given the likelihood that the scope of such discovery may be narrowed, or eliminated entirely, by

the pending motions to dismiss, Defendants will suffer meaningful prejudice if they are required to incur such burdens in the interim. The second *String Cheese* factor strongly favors a stay.

### **Factor Three:** *Convenience to the Court.*

A stay of discovery will prevent the Court from undertaking duplicative and unnecessary work. The Response on this point does not address why, in this particular case, the Court would or would not benefit from a stay. (D. 56, p.11). That a proposed scheduling order is required does not mean a stay cannot be entered. *See, e.g.*, *Abdulmutallab v. Sessions*, No. 17-CV-02493-RM-KMT, 2018 WL 11225175, at *2 (D. Colo. Feb. 8, 2018) (finding "that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have a large portion of the case subsequently dismissed on the grounds raised in the motions to dismiss"); *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) ("[I]t is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward.").

Here, as argued in the Stay Motion, the Court will be well-served by a stay. It will have the opportunity to narrow the claims before adjudicating issues concerning the scope of discovery in a case where Plaintiffs assert claims against City Defendants based on alleged coordination with State Defendants to violate their rights. As noted above, Plaintiffs' own arguments about separate discovery are inconsistent with their underlying allegations and it is likely that the Court will need to make certain determinations related

to the scope of the same, especially given the voluminous amount of discovery that Plaintiffs propose. **Exhibit A.** If the Court first decides the motions to dismiss, it is likely that the claims will be narrowed and any need for clarification may be eliminated. Especially with so many parties and separate law firms in the case, proceeding with discovery without narrowing the claims would likely result in a substantial expenditure of Court and party resources that may otherwise be saved. This factor strongly favors a stay. *See, e.g., Sandoval,* 2011 WL 3682768, at \*\*1-2.

> **Factor Four: *The interests of persons who are not parties to the litigation.***

Plaintiffs' conclusory assertions about an impact on fraternal organizations and host venues are insufficient to defeat the Stay Motion. (D. 56, p. 11). Nothing supports Plaintiffs' contention that any such organization has a legally-recognized interest in maintaining Plaintiffs' skill-based contests at their venues. Plaintiffs cite no law or specific fact to suggest as much. Moreover, drawing third parties into discovery before the Court rules on the motions to dismiss risks wasting their time. *See* **Exhibit A** at p.16 (proposing depositions of third-party complainants). This factor does not weigh against a stay.

> **Factor Five*: The public interest.***

It is in the public's best interest to grant a stay of discovery. There is a strong interest in "avoiding unnecessary expenditures of public and private resources on litigation." *Chapman*, 2015 WL 4574863, at \*4. Here, more than half of the Defendants in the case assert immunity defenses. All the other Defendants are public entities. The general public has an interest in an efficient and just resolution of the issues. Moving forward with voluminous discovery without first attempting to narrow the case will not

further this interest. Thus, the fifth factor weighs in favor of a stay.

Accordingly, as argued above, all five *String Cheese* factors favor a stay in this case. Any limited prejudice to Plaintiffs from staying the case is far outweighed by the prejudice and burdens that would be imposed on the Court, on multiple governmental Defendants, and on third parties if the Court were to deny the same. Therefore, as further set forth herein, the Stay Motion should be granted.

**WHEREFORE**, for the foregoing reasons, Defendants request that the Court enter an order vacating the scheduling conference in favor of a status conference (D. 46), suspending the parties' initial disclosure requirements, and staying all discovery pending the Court's resolution of Defendants' pending motions to dismiss.

DATED this 23rd day of March, 2026.

Respectfully submitted,

RUEGSEGGER SIMONS & STERN, LLC

*s/ Jonathan K. Cooper*
Jonathan K. Cooper
Anthony E. Derwinski
1700 Lincoln St., Suite 4500
Denver, CO 80203
T: 303.575.8070
F: 303.623.1141
Email: aderwinski@rs3legal.com
Email: jcooper@rs3legal.com
*Attorneys for State Defendants*

OFFICE OF THE CITY ATTORNEY
Marc Smith, Acting City Attorney

*s/ Anne H. Turner*
Anne H. Turner, Assistant City Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
anne.turner@coloradosprings.gov
*Attorneys for the City of Colorado Springs*


LAMBDIN & CHANEY, LLP

s/ Eric D. Hevenor
Eric D. Hevenor
L. Kathleen Chaney
Sara Hilario
4949 S. Syracuse St., Ste 600
Denver, CO 80237
Telephone: 303.799.8889
Facsimile:  303.799.3700
Email:  ehevenor@lclaw.net
*Attorneys for the City of Pueblo*


NATHAN DUMM & MAYER P.C.

s/ Nicholas C. Poppe
Nicholas C. Poppe
7900 East Union Ave, Ste 600
Denver, CO 80237
Telephone:  303.951.6614
Facsimile: 303.757.5106
Email:  npoppe@ndm-law.com
*Attorneys for the City of Grand Junction*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide copies to all counsel of record.

<u>s/ Jonathan K. Cooper</u>