**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03588-GPG-KAS

TREY FRANZOY, an individual;
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado
Division of Gaming, Colorado Department of Revenue, and in his individual capacity;
MICHAEL PHIBBS, in his individual capacity;
DANIEL J. HARTMAN, in his individual capacity;
KIRSTEN GREGG, in her individual capacity;
CITY OF GRAND JUNCTION, COLORADO;
CITY OF PUEBLO, COLORADO; and
CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

---

**[PROPOSED] SCHEDULING ORDER**

---

## 1. DATE OF SCHEDULING CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference was held on April 6, 2026, at 10:30 a.m. before

Magistrate Judge Kathryn A. Starnella in Courtroom A-501, Alfred A. Arraj United States

Courthouse, 901 19th Street, Denver, Colorado 80294.

The following counsel and parties appeared:

1

**For Plaintiffs:**

Edward C. Hopkins Jr.
Raymond K. Bryant
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone: (720) 515-6165
ed@rightslitigation.com
raymond@rightslitigation.com
Counsel for Plaintiffs Trey Franzoy, Patriot Contest & Games, LLC,
and Charlie Chedda's, LLC

**For Defendants Christopher Schroder, Michael Phibbs, Daniel J. Hartman, and**

**Kirsten Gregg:**

Anthony E. Derwinski
Jonathan K. Cooper
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, CO 80203
Telephone: (303) 623-1131
aderwinski@rs3legal.com
jcooper@rs3legal.com

**For Defendant City of Grand Junction:**

Nicholas C. Poppe
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
NPoppe@ndm-law.com

**For Defendant City of Pueblo:**

L. Kathleen Chaney
Eric D. Hevenor
Sara Hilario
Lambdin & Chaney, LLP

4949 South Syracuse Street, Suite 600
Denver, CO 80237
Telephone: (303) 799-8889
kchaney@lclaw.net

**For Defendant City of Colorado Springs:**

Anne H. Turner, Assistant City Attorney
Office of the City Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, CO 80903
Telephone: (719) 385-5909
anne.turner@coloradosprings.gov

**Potential Pro Se Litigation:[1]**

Ivy Hansen
1908 M Road
Fruita, CO 81521

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights). Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution. The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District of Colorado.

---

[1] Ivy Hansen filed a motion to intervene [Doc. 37] on February 11, 2026. Defendants filed a joint response on March 4, 2026. The Court has taken no action. Ivy Hansen is not a party. Because Ivy Hansen is not a party, Plaintiffs' counsel did not communicate with Ivy Hansen about the parties' Rule 26(f) meeting.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      **Plaintiffs**

Plaintiffs assert seven claims of constitutional violations under the First Amended Complaint (Doc 25).

Count I alleges that the Individual State Defendants and the City of Colorado Springs violated Plaintiffs' Fourth Amendment rights through the seizure of $118,762.11 in business funds on May 11, 2023, the prolonged retention of that property for over 23 months—including 39 days past a state court order directing return—and the continued retention of more than $150,000 in equipment.

Count II alleges that the Individual State Defendants and all three municipal defendants violated Plaintiffs' Fourteenth Amendment procedural due process rights through forced shutdowns, categorical licensing denials, permit roadblocks, and seizure and prolonged retention of property without constitutionally adequate process.

Count III alleges that the Individual State Defendants enforced Colorado's gambling statutes against Plaintiffs' forensically verified skill-based devices despite the statutes' unconstitutional vagueness as applied.

Count IV alleges that the Individual State Defendants suppressed Plaintiffs' truthful commercial speech about lawful, skill-based devices through cease-and-desist directives that functioned as prior restraints.

Count V alleges that the City of Pueblo is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for unconstitutional prior restraints and due process violations carried out pursuant to municipal policy.

4

Count VI alleges that the City of Colorado Springs is liable under Monell for unconstitutional property-handling practices, including the prolonged retention of seized property in defiance of a court order, carried out pursuant to the final policymaking authority of the Chief of Police.

Count VII alleges that the City of Grand Junction is liable under Monell for a moratorium ordinance that categorically prohibits relocation of Plaintiffs' lawful business operations within the city.

Plaintiffs seek declaratory judgment, preliminary and permanent injunctive relief, compensatory damages, punitive damages against the individual defendants, and attorney fees and costs under 42 U.S.C. § 1988.

**b.    Defendants**

**The City of Grand Junction**: The City of Grand Junction denies that it is liable to Plaintiffs for alleged First and Fourteenth Amendment violations. The City passed a valid legislative act that limited skilled gaming businesses from relocating or opening new locations. The City did not force Plaintiffs' business to close, did not seize any of its equipment, and did not seize any of its assets. Plaintiffs therefore have no claim for damages against the City, nor are they entitled as a matter of right to relocate their current skilled gaming business. The City otherwise incorporates its defenses, as set forth in its Motion to Dismiss.

## 4.  UNDISPUTED FACTS

All parties have not agreed to undisputed facts.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiffs

Plaintiffs seek the following categories of damages, computed based on available business records, contracts, and contemporaneous documentation. Plaintiffs reserve the right to supplement these computations as discovery proceeds and to retain expert witnesses to provide detailed damages calculations. See Fed. R. Civ. P. 26(a)(1)(A)(iii).

(i) **Asset Seizure and Direct Capital Impacts: $165,000–$225,000.** This category includes the $118,762.11 in seized business funds, commercially reasonable interest on the retained funds during the 23-month retention period (May 2023 through April 2025), and directly traceable financing disruptions and vendor-term consequences documented through bank records, loan instruments, and supplier correspondence.

(ii) **Business Interruption from Forced Closures and Operational Restrictions: $1,800,000–$2,500,000.** This category encompasses lost net revenues from forced closures and operational suppression at Plaintiffs' Colorado Springs, Grand Junction, and other Colorado locations, derived from location-specific before-and-after revenue comparisons using point-of-sale transaction data, merchant account statements, and tax returns, isolating the impact of the May–October 2023 peak enforcement period and subsequent sustained disruption.

(iii) **Documented Lost Contract Opportunities: $800,000–$1,200,000.** This category includes revenue-share agreements and business relationships with host organizations (VFW posts, American Legion halls, fraternal organizations) lost as a

direct result of the enforcement campaign, supported by emails, term sheets, and counterpart communications.

(iv)    **Prior Legal Defense Fees: $450,000–$550,000.** This category includes attorney fees and costs incurred in defending against the unconstitutional enforcement actions prior to this lawsuit, including prior state court proceedings, supported by invoices and retainer agreements. These are claimed as compensatory damages, distinct from any future fee-shifting under 42 U.S.C. § 1988.

(v)    **Reputational Harm: $400,000–$600,000.** This category includes measurable commercial consequences of the government's public characterization of Plaintiffs' lawful skill-based devices as illegal gambling, including documented customer attrition, transaction-value declines, and adverse changes in banking and vendor relationships, quantified through customer-count data, merchant account records, and vendor correspondence.

(vi)    **Increased Operating Costs: $350,000–$500,000.** This category includes compliance overhead, increased insurance premiums, tightened vendor payment terms, and other cost increases directly traceable to the enforcement campaign, documented through amended agreements, invoices, and accounting records.

(vii)    **Equipment and Inventory Losses: $235,000–$400,000.** This category includes the value of gaming equipment and inventory seized, idled, or rendered unusable as a result of enforcement actions, proven through purchase records, depreciation schedules, and disposition documentation. This includes the more than $150,000 in equipment still retained by CSPD.

**Total Estimated Compensatory Damages: $4,200,000–$5,975,000.**

In addition, Plaintiffs seek:

(viii)    **Punitive Damages:** Against the individual-capacity defendants (Schroder, Phibbs, Hartman, and Gregg), in an amount to be determined at trial, based on evidence of reckless or callous indifference to Plaintiffs' federally protected rights.

(ix)    **Prejudgment Interest:** On all compensatory damages from the dates of injury.

(x)    **Attorney Fees and Costs:** Under 42 U.S.C. § 1988, to be determined upon prevailing.

**b.    Defendants**

**The City of Grand Junction**: The City of Grand Junction does not seek damages, but does reserve the right to seek attorney fees and costs.

## 6.  REPORT OF PRECONFERENCE DISCOVERY

## AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.    Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) was held on March 23, 2026, between 10:00 a.m. and 10:40 a.m.

**b.    Names of each participant and party he/she represented.**

Counsel for Plaintiffs, Edward C. Hopkins Jr. and Raymond K. Brant, and counsel for Defendant Grand Junction, Nicholas C. Poppe, attended. Counsel for the other Defendants elected not to attend.

State Defendants, the City of Colorado Springs, and the City of Pueblo did not participate in a Rule 26(f) conference or discussions about this Proposed Scheduling Order in advance of the April 6, 2026, conference with the Court. Consistent with the arguments in the pending Motion to Stay Discovery and Disclosure Requirements, and those raised in the pending Motions to Dismiss, it is the position of these Defendants that any Rule 26(f) conference is and was premature. Participation in a Rule 26(f) conference would trigger the commencement of discovery, from which all Defendants seek relief in the pending Motion to Stay. Additionally, on March 24, 2026, all Defendants re-filed an unopposed Motion to Reset the Scheduling Conference and convert the same to a Status Conference, which if granted would obviate any need for a Proposed Scheduling Order at this time. These Defendants will be prepared to discuss the above, the Motion to Stay, and all related issues at the April 6 conference.

**c.      Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Counsel for Plaintiffs and Defendant Grand Junction agreed to exchange initial disclosures on or before April 6, 2026.

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Counsel for Plaintiffs and Defendant Grand Junction do not propose changes to the timing or requirements of initial disclosures.

**e.      Statement concerning any agreements to conduct informal discovery.**

Counsel for Plaintiffs and Defendant Grand Junction made no agreements to conduct informal discovery.

9

**f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Counsel for Plaintiffs and Defendant Grand Junction  will use a unified exhibit numbering system consistent with Judge Gallagher's practice standards (GPG Civ. Standing Order III(G)). The parties anticipate entering into a stipulated protective order to govern the exchange of confidential business records, financial data, and law enforcement materials.

Counsel for Plaintiffs and Defendant Grand Junction agree to  adhere to the Sedona Principles regarding disputes relating to electronic discovery, as ordered in Doc 5.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information.**

Yes. The parties anticipate that discovery will involve extensive electronically stored information, including: internal email communications among Division of Gaming officials, Department of Revenue leadership, and municipal officials relating to enforcement actions against Plaintiffs (2020–present); body camera footage and law enforcement records from the May 2023 Colorado Springs search and seizure and the April 2025 Pueblo raid; digital records from CSPD's evidence management system relating to the custody, handling, and retention of Plaintiffs' seized property; electronic records from the civil forfeiture proceedings (El Paso County, filed July 19, 2023); municipal government communications, including emails, meeting minutes, and

legislative records relating to ordinance adoption; point-of-sale transaction data, merchant account records, and financial data from Plaintiffs' business operations; and records maintained by third-party complainants relating to the November 2022 complaints that initiated the enforcement campaign.

**h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Counsel for Plaintiffs and Defendant Grand Junction agreed the parties will revisit settlement discussions after exchanging initial disclosures and reviewing the Court's orders for the pending motions.

## 7.  CONSENT

All parties did not consent to the exercise of jurisdiction of a magistrate judge. The case is assigned to Judge Gordon P. Gallagher (Doc 50) with Magistrate Judge Starnella handling non-dispositive matters (Doc 52).

## 8.  DISCOVERY LIMITATIONS

**a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

*Plaintiffs' Proposal:*

Depositions: Plaintiffs request that each side (not each party) be permitted 15 depositions, an increase from the presumptive 10 under Fed. R. Civ. P. 30(a)(2)(A)(i). This modification is warranted by the complexity of the case, which involves four individual state defendants, three municipal defendants each requiring at least one Rule 30(b)(6) deposition, key third-party fact witnesses, and seven distinct claims spanning

Fourth Amendment, First Amendment, Fourteenth Amendment, and Monell theories. The 15-deposition limit is proportional to the needs of this case given the number of parties, the constitutional significance of the claims, and the amount in controversy. *See* Fed. R. Civ. P. 26(b)(1).

Interrogatories: Plaintiffs propose the presumptive limit of 25 interrogatories per party to each other party under Fed. R. Civ. P. 33(a)(1).

**b.      Limitations which any party proposes on the length of depositions.**

Plaintiffs propose the presumptive seven-hour limit under Fed. R. Civ. P. 30(d)(1).

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiffs propose no numerical limitation on the number of requests for production beyond what is proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Counsel for Plaintiffs and Defendant Grand Junction propose the presumptive limit of 25 requests for admission and requests for production between all Plaintiffs and Defendant Grand Junction.

**d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

All written discovery shall be served sufficiently in advance of the discovery cutoff to allow timely responses on or before the discovery cutoff date. All written discovery requests shall be served no later than 30 days before the discovery cutoff date (i.e., by January 2, 2027).

**e.    Other Planning or Discovery Orders.**

i.   The parties anticipate that a Stipulated Protective Order may be necessary to maintain the confidentiality of various agency records and proprietary business information.  The parties will work together to submit a proposed Protective Order for entry by the Court.

ii.  The parties agree that in providing any supplemental disclosures or supplemental written discovery responses that new information will be added to the previously served document in clearly demarcated bold font or redlining so as to create a single document that contains all original information and all new supplemental information in the last-served supplemental/amended document.

iii. The parties agree that they will serve by email or electronic means all discovery requests, written responses, and any other papers that are not filed through the CM/ECF system to all counsel email addresses identified in this scheduling order unless doing so is not technologically feasible (for conventionally submitted evidence, for example), in which case those documents/records will be served via first-class mail or overnight delivery to all counsel's office mailing addresses.

iv.  The parties agree that documents filed under seal or restriction, pursuant to D.C.COLO.LCivR. 7.2, may be served by email to all counsel email addresses identified in this scheduling order unless doing so is not technologically feasible, in which case those documents will be served

via first-class mail or overnight delivery to all counsel's office mailing addresses.

**v.** The parties agree to provide all identified discovery materials in electronic form, where possible, and that they be disclosed by electronic means (e.g., email attachment, email with link to cloud/share service, etc.). The parties agree that, to the extent feasible, they will produce discovery materials in electronic form in <u>searchable</u> PDF. Where video is produced, it shall be produced in a universally playable format (e.g., mp4, mov, wmv, avi). If the native format of any video files is different than produced, the native format shall be identified in the party's disclosure and will be made available upon request.

**vi. 502(d) Statement**: The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14

Discovery Disputes: All discovery motions shall be made in compliance with Magistrate Judge Starnella's Discovery Dispute Procedures as outlined in the Uniform Civil Practice Standards of the United States Magistrate Judges, as ordered in Doc 5.

## 9.  CASE PLAN AND SCHEDULE

**a.      Deadline for Joinder of Parties and Amendment of Pleadings:**

June 1, 2026

**b.      Discovery Cutoff:**

July 26, 2027

**c.      Dispositive Motion Deadline:**

September 3, 2027

**d.      Expert Witness Disclosure:**

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs anticipate retaining experts in the following fields: economics and forensic accounting (lost profits, business interruption damages, present value calculations); law enforcement procedures (CSPD property-handling practices, evidence management standards); municipal policy and Monell liability (police department customs, training adequacy, policymaker analysis); and gaming technology and device classification (skill-based vs. chance-based device analysis).

**The City of Grand Junction**: The City may retain a rebuttal expert with respect to any damages expert disclosed by Plaintiffs

2.      Limitations which the parties propose on the use or number of expert witnesses.

15

Plaintiffs do not propose limitations on the number of expert witnesses beyond what is proportional to the needs of the case. Plaintiff anticipates approximately five expert witnesses.

3.    The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

Plaintiffs' affirmative experts: April 26, 2027

4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

May 24, 2027

**e.    Identification of Persons to Be Deposed:**

Plaintiffs anticipate deposing, at minimum, the following witnesses:

- Christopher Schroder, Director, Division of Gaming (7 hours)

- Michael Phibbs, Senior Director, Specialized Business Group (7 hours)

- Daniel J. Hartman, Former Director, Division of Gaming (7 hours)

- Kirsten Gregg, Chief of Investigations, Division of Gaming (7 hours)

- City of Colorado Springs 30(b)(6) designee(s) (7 hours)

- City of Pueblo 30(b)(6) designee(s) (7 hours)

- City of Grand Junction 30(b)(6) designee(s) (7 hours)

- CSPD officers involved in the May 2023 search and seizure (to be identified)

- CSPD evidence unit personnel responsible for property retention (to be identified)

• Pueblo law enforcement personnel involved in the April 2025 raid (to be identified)

• Grand Junction officials involved in the moratorium ordinance (to be identified)

• Third-party complainants, including Triple Crown Casinos representatives (to be identified)

**The City of Grand Junction**: The City may conduct a 30(b)(6) deposition of the Plaintiffs.

All depositions must be completed on or before the discovery cutoff date. The parties must comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR 30.1.

## 10. DATES FOR FURTHER CONFERENCES

*[The Magistrate Judge will complete this section at the Scheduling Conference.]*

a.    Status conferences will be held at the following dates and times:

_____, 20__ at __ o'clock ____m.

b.    A final pretrial conference will be held at the following date and time:

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

17

Defendants have expressed a desire to stay discovery pending resolution of the motions to dismiss (Docs 27, 33, 34, 36). *See* Doc 46 at 1–2; Doc 48. Plaintiffs oppose a blanket stay and submit that the scheduling deadlines proposed herein are appropriate regardless of the pending motions. Should any claims be dismissed, the Court can modify the schedule accordingly.

Pro se intervenor Ivy Hansen (Doc 37) has filed a motion to intervene, and Defendants have noted the need for clarification of her involvement (Doc 46 at 2). Plaintiffs submit that Ms. Hansen's pending motion should not delay the scheduling of this case between the existing parties.

**b.     Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs anticipate a jury trial of 10 days. The Complaint includes a demand for jury trial. The number of defendants (seven), the number of distinct claims (seven counts spanning three constitutional amendments plus Monell), the anticipated number of witnesses, and the damages evidence justify a trial exceeding five days. Plaintiffs will be prepared to address this at the appropriate time per Judge Gallagher's Civil Standing Order III(C).

**c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted at an alternate court facility.**

Pursuant to Judge Gallagher's Notice to Attorneys in Civil Cases, proceedings in cases arising from events occurring on the Front Range will be held in Denver. The parties do not request transfer of any proceedings to an alternate facility.

The City of Grand Junction may move to sever trial from all other claims, given separate factual and legal issues in the claims pled against the City.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and Magistrate Judge Starnella's Discovery Dispute Procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2026.

BY THE COURT:

_____
Kathryn A. Starnella
United States Magistrate Judge

19

APPROVED AS SUBMITTED:

*/s/ Edward C. Hopkins Jr.*
Edward C. Hopkins Jr.
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(720) 515-6165
ed@rightslitigation.com
Atty. Reg. No. 43298
Counsel for Plaintiffs

*/s/ Jonathan K. Cooper*
Anthony E. Derwinski / Jonathan K. Cooper
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, CO 80203
(303) 623-1131
Counsel for Defendants Schroder, Phibbs,
Hartman, and Gregg

*/s/ Nicholas C. Poppe*
Nicholas C. Poppe
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
(303) 691-3737
Counsel for Defendant City of Grand Junction

*/s/ Eric D. Hevenor*
L. Kathleen Chaney / Eric D. Hevenor
Lambdin & Chaney, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
Counsel for Defendant City of Pueblo

*/s/ Anne H. Turner*
Anne H. Turner
Office of the City Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, CO 80903
(719) 385-5909
Counsel for Defendant City of Colorado Springs

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all

counsel of record.

*/s/ Edward C. Hopkins Jr.*
Edward C. Hopkins Jr.
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(720) 515-6165
ed@rightslitigation.com
Atty. Reg. No. 43298