IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-03588-KAS

TREY FRANZOY, an individual;
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado
Division of Gaming, Colorado Department of Revenue, and in his individual capacity;
MICHAEL PHIBBS, in his individual capacity;
DANIEL J. HARTMAN, in his individual capacity;
KIRSTEN GREGG, in her individual capacity;
CITY OF GRAND JUNCTION, COLORADO;
CITY OF PUEBLO, COLORADO; and
CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

---

**DEFENDANT THE CITY OF PUEBLO, COLORADO'S AMENDED MOTION TO FILE
EXHIBITS UNDER SEAL**

---

Pursuant to Fed. R. Civ. P. 52, Defendant the City of Pueblo, Colorado ("Pueblo"),
by and through their attorneys, Lambdin & Chaney, LLP, respectfully moves this Court for
an Order permitting Exhibit F to be filed under Level 1 restriction and for leave to refile
Exhibits B, G, H, and I. In support thereof, Defendant states as follows:

**D.C.COLO.L.CIVR.7.1(a) Certification:** On February 9, 2026, undersigned counsel for the
City of Pueblo, Colorado conferred with Plaintiffs' counsel regarding the relief sought in this
motion and is authorized to state that Plaintiffs do not oppose the motion. Additionally,

1

Defendant rediscussed this matter with Plaintiffs' counsel after the April 6, 2026 hearing to further clarify what may require filing under seal.

1.      Pueblo previously filed a motion seeking to restrict access to Exhibits B, F, G, H, and I, which are referenced in its Motion to Dismiss.

2.      In accordance with the Court's discretion at the April 6, 2026 hearing, Pueblo submits this Amended Motion to narrow its request for restricted access.

3.      At the time of the prior filing, Pueblo uploaded only cover sheets for Exhibits B, F, G, H, and I pending resolution of the restriction request. Pueblo now seeks leave to refile those exhibits in their entirety.

4.      Upon further review and consistent with the Court's guidance, Pueblo seeks restricted access only as to Exhibit F.

5.      Exhibit F is a settlement agreement involving a third-party fraternal organization. Although referenced in Plaintiffs' First Amended Complaint, the agreement contains negotiated terms between nonparties and may include confidential provisions.

6.      The City of Pueblo recognizes that the burden for sealing exhibits is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130–31 (10th Cir. 2022).

7.      Here, restriction is appropriate to protect the privacy interests of nonparties and preserve the confidentiality of the negotiated resolution which is expressly intended to remain confidential.

8.      The remaining exhibits, Exhibits B, G, H, and I, no longer require restricted access.  They were initially filed under restriction, at least in part, to preserve and protect

2

Plaintiffs' potentially confidential information.  Upon further conferral with Plaintiffs' counsel it is clear that there exists no continuing need for such restriction.

9.      Exhibit B consists of internal municipal records reflecting device license stickers referenced in Plaintiffs' First Amended Complaint. Exhibit G is a settlement agreement between Plaintiffs Trey Franzoy, Charlie Chedda's LLC, and a district attorney. Exhibit I is a privately commissioned expert report prepared at Plaintiffs' request regarding the operation of the gaming machines. These exhibits have either already been disclosed in this matter or were previously requested to be restricted solely out of an abundance of caution.

10.     Exhibit H consists of a judicially authorized search warrant and supporting materials that are publicly available. Because this document is already part of the public record, restriction is neither necessary nor appropriate.

11.     Pueblo has made substantial efforts to narrowly tailor this request to comply with the applicable rules and the Court's directives seeking restriction only where justified.

12.     No party will be prejudiced by the Court granting this motion.

WHEREFORE, Defendant, City of Pueblo, Colorado respectfully requests that this Court enter an order permitting Exhibit F to be filed under Level 1 restriction and granting leave to refile Exhibits B, G, H, and I without restriction.

DATED this 13th day of April, 2026.

3

/s/ Eric D. Hevenor
Eric D. Hevenor
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  ehevenor@lclaw.net
*Attorneys for Defendant City of Pueblo, Colorado*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, a true and correct copy of the foregoing **DEFENDANT THE CITY OF PUEBLO, COLORADO'S AMENDED MOTION TO FILE EXHIBITS UNDER SEAL** was filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward C. Hopkins Jr., Esq.
Raymond K. Bryant, Esq.
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400 80202
Phone: (720) 515-6165
*Attorney for Plaintiffs*

Anne H. Turner, Assistant City Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, CO 80903
Phone: (719) 385-5909
*Attorneys for Defendant City of Colorado Springs*

Jonathan K. Cooper, Esq.
Anthony E. Derwinski, Esq.
Ruegsegger Simons & Stern, LLC
Civil Rights Litigation Group
1700 Lincoln Street, Suite 4500
 Denver, CO 80203
Telephone: (303) 575-8070
*Attorney for Defendants Phibbs, Hartman, Gregg, and Schroder in his individual capacity*

*Printed copy with original signature on file at the office of Lambdin & Chaney, LLP*

/s/ Eric D. Hevenor
Eric D. Hevenor, Esq.
LAMBDIN & CHANEY, LLP

4