IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03588-GPG-KAS

TREY FRANZOY,
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company, and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado Division
of Gaming, Colorado Department of Revenue and in his individual capacity,
MICHAEL PHIBBS, in his individual capacity,
DANIEL J. HARTMAN, in his individual capacity,
KIRSTEN GREGG, in her individual capacity,
CITY OF GRAND JUNCTION, COLORADO,
CITY OF PUEBLO, COLORADO, and
CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Ivy Hansen's **Motion to Intervene** (the "Motion")

[#37].[1] Defendants filed a Joint Response [#45] and Ms. Hansen did not file a Reply. The

Motion [#305] has been referred to the undersigned for a recommendation pursuant to 28

U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR

72.1(c)(3). *Mem.* [#55]. The Court has reviewed the briefs, the entire case file, and the

_____

[1] Ms. Hansen proceeds pro se; therefore, the Court must construe liberally her filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

applicable law. Based on the following, the Court **RECOMMENDS** that the Motion [#37] be **DENIED**.

## I.    Background

Plaintiff Trey Franzoy owns and operates Plaintiffs Charlie Chedda's, LLC and Patriot Contest & Games, LLC, "through which he operates arcade-style businesses in Colorado featuring skill-based, pattern-recognition contests." *First Am. Compl.* [#25], ¶ 8. In May 2023, the Colorado Division of Gaming issued a form cease-and-desist directive ordering recipients, including Plaintiffs, to cease "all unlicensed gaming and/or sports betting at once," including the operation of gambling devices. *Id*., ¶ 23. The directive warned that the Limited Gaming Control Commission could pursue enforcement actions, including criminal prosecution and civil penalties. *Id*. The Division then coordinated with three municipalities to issue additional cease-and-desist letters, block licenses, and seize property connected to Plaintiffs' business operations. *Id*., ¶¶ 28-30, 35-40, 41-44.

Plaintiffs allege that the Division "launched a coordinated pre-adjudicatory shutdown program" targeting their skill-based, pattern-recognition contests without first adopting or applying objective standards to distinguish lawful contests from prohibited gambling devices. *Id*., ¶ 2. Based on these allegations, Plaintiffs bring claims under 42 U.S.C. § 1983, asserting that Defendants acted under an unconstitutional regulatory scheme in violation of the First, Fourth, and Fourteenth Amendments. *Id*., ¶¶ 53-127.

Ms. Hansen moves to intervene in this action but provides little context to support her request or explain her proposed claims. *Motion* [#37]. She states that on January 16, 2024, Defendants seized 13 "Lucky Charms" units that she owns. *Id*. at 2. She argues that these units do not qualify as gambling devices because "Lucky Charms is a skill-

2

based platform where cognitive reaction time is the predominant factor in winning." *Id*.
She further contends that a ruling on the legality of the Lucky Charms software will directly affect her ability to recover her assets and damages and that her proposed claims raise the same legal question presented here, namely, the definition of "skill-based" gaming under Colorado law. *Id*.

Ms. Hansen intends to assert Fourteenth Amendment due process claims against Defendants. *Id*. As relief, she seeks the return of her 13 devices, the return of seized currency, and $331,240.00 in lost profits. *Id*.

In their Response, Defendants explain that the City of Grand Junction Police Department arrested Ms. Hansen in January 2024 for possession of illegal gambling devices. *Response* [#45], ¶ 4. A jury later convicted her of 13 counts related to the possession or operation of illegal gambling devices. *Id*.; *Jury Verdict Forms* [#45-1]. During the criminal proceedings, Ms. Hansen also filed a motion for return of the seized devices, which the trial court denied. *Order* [#45-2].

## II.    Legal Standard

Federal Rule of Civil Procedure 24 governs intervention by non-parties. Rule 24(a) provides for intervention as of right when a federal statute grants a non-party an unconditional right to intervene or the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To establish intervention as of right under Rule 24(a)(2), the movant must show that: (1) the request is timely; (2) it claims an interest relating to the property or transaction at issue; (3) the

3

action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the existing parties do not adequately represent the movant's interest. *Willsource Enter., LLC v. Interior Bd. of Land Appeals*, No. 17-cv-01887-PAB, 2018 WL 4219389, at *1 n.1 (D. Colo. Sept. 5, 2018) (citing *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)). A movant's failure to satisfy any one of these requirements warrants denial of intervention as of right. *Id*.

Rule 24(b)(1) governs permissive intervention. It authorizes a court to permit intervention when a federal statute grants a conditional right to intervene or when the movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Even when these requirements are met, the Court retains broad discretion to grant or deny permissive intervention. *Willsource Enter.*, 2018 WL 4219389, at *1.

### III.    Analysis

### A.    The *Rooker-Feldman* Doctrine

Ms. Hansen does not specify whether she seeks intervention as of right or permissive intervention. However, her assertion that her claims share an identical question of law, namely, the definition of "skill-based gaming," with the claims in this case suggests that she seeks permissive intervention. *Motion* [#37] at 2. Regardless, Ms. Hansen fails to address the requirements for either form of intervention. On that basis alone, the Court recommends denying the Motion. The Court also recommends denying the Motion under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine, derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983),

4

limits federal district court jurisdiction. Under the doctrine, "only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (citing 28 U.S.C. § 1257(a) (identifying circumstances where the Supreme Court may review final judgments "rendered by the highest court of a State in which a decision could be had"). Accordingly, federal district courts lack jurisdiction over claims that effectively seek review of state-court decisions. *Id*. (citing *Feldman*, 460 U.S. at 483 n.16). The doctrine applies when: (1) the plaintiff lost in state court; (2) the plaintiff asks the federal district court to review and reject a state-court judgment; and (3) the state-court judgment preceded the commencement of the federal action. *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006).

Ms. Hansen plainly satisfies the first and third elements. A state court convicted her and denied her request for the return of her devices, making her the losing party. Those rulings occurred before this case began and well before she moved to intervene. *Compare Compl.* [#1] and *Motion* [#37] with *Jury Verdict Forms* [#45-1] and *Order* [#45-2]. One question remains: whether Plaintiff's proposed claims would require this Court to review and reject those state-court decisions. *Guttman*, 446 F.3d at 1032. The Court concludes they would.

Although Ms. Hansen does not expressly style her claims as an appeal, their substance controls. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (explaining that federal courts lack authority to review state-court judgments where the requested relief is "in the nature of appellate review"). She seeks to assert Fourteenth Amendment claims under 42 U.S.C. § 1983 to challenge the seizure of her 13 devices

and currency and to recover lost profits. *Motion* [#37] at 2. She specifically challenges whether her devices fall within the criminal statute underlying her conviction and the seizure of her property. *Motion* [#37] at 2. She also seeks injunctive relief in the form of the return of that property. *Id*. Granting that relief would directly contradict, and effectively nullify, the state court's order denying her request for the same property. *See Dillard v. Bank of N.Y.*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012) (explaining that *Rooker-Feldman* bars the plaintiff's claims because they would "completely undo" related state court proceedings); *see also O'Neill v. Bd. of Cnty. Comm'rs*, 94 F.3d 656, 1996 WL 477574, at *2 (10th Cir. 1996) (unpublished table decision) (holding that a litigant may not use § 1983 in federal district court to seek reversal of a state-court decision); *Motion* [#37] at 2; *Order* [#45-2].

In short, Ms. Hansen's Fourteenth Amendment claims are inextricably intertwined with her state-court conviction and the order denying the return of her property. Because adjudicating those claims would require this Court to review and possibly reject state-court judgments, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Court therefore recommends that Ms. Hansen's Motion be denied.

B.     ***Heck v. Humphrey***

In addition, *Heck v. Humphrey*, 512 U.S. 477 (1994) independently bars Ms. Hansen's proposed Fourteenth Amendment claims to the extent they inherently challenge her convictions. A jury convicted her of possession or operation of illegal gambling devices. *Jury Verdict Forms* [#45-1]. Her proposed claims directly challenge whether her devices qualify as prohibited gambling devices under Colorado law. *Motion* [#37] at 2.

6

If this Court ruled in her favor, it would necessarily imply that her convictions lack a valid legal basis. Under *Heck*, a plaintiff may not pursue § 1983 damages claims that "necessarily imply the invalidity" of a conviction unless the plaintiff first shows that the conviction has been reversed, expunged, declared invalid, or otherwise called into question through habeas relief. *Montoya v. City & Cnty. of Denver*, No. 16-cv-01457-JLK, 2021 WL 1244264, at *24 (D. Colo. Mar. 4, 2021), *aff'd*, No. 21-1107, 2022 WL 1837828 (10th Cir. June 3, 2022).

Ms. Hansen makes no such showing here, and nothing in the record suggests that any court has invalidated her convictions. Because her proposed claims would undermine those convictions, *Heck* precludes them. Accordingly, for this additional reason, the Court recommends that Ms. Hansen's Motion be denied.

### IV.    Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#37] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Federal Rule of Civil Procedure 72, the parties shall have 14 days after service of this Recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo

review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996).

Dated: April 15, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge