IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03588-GPG-KAS

TREY FRANZOY, an individual; PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado Division of Gaming, Colorado Department of Revenue, and in his individual capacity; MICHAEL PHIBBS, in his individual capacity; DANIEL J. HARTMAN, in his individual capacity; KIRSTEN GREGG, in her individual capacity; CITY OF GRAND JUNCTION, COLORADO; CITY OF PUEBLO, COLORADO; and CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

---

**DECLARATION OF TREY FRANZOY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

---

I, Trey Franzoy, declare as follows:

1.    I am over the age of 18, I am a plaintiff in this action, and I make this declaration from personal knowledge.

2.    I own and operate Plaintiffs Patriot Contest & Games, LLC and Charlie Chedda's, LLC. Patriot places and services skill-based, pattern-recognition contest machines at host venues on a revenue-share model.

3.    Plaintiffs' machines operate in the configuration that the independent gaming laboratory Nick Farley & Associates examined on November 22, 2020, and

1

reported to be a game of skill. Plaintiffs have maintained the hardware, software version, and gameplay parameters described in the Farley report.

4. Plaintiffs have operated that configuration in Colorado and continue to operate it.

5. I presently intend to continue operating that configuration and to continue placing machines with host venues.

6. No one at the Colorado Division of Gaming has ever told me or my companies that the Division will not enforce against that configuration.

7. On April 5, 2025, Pueblo police searched the Steel City Eagles venue and seized machines belonging to me and the money those machines held. Pueblo treated the machines and their contents as the host club's property, but the machines and the revenue in them belonged to me.

8. I estimate the value of the money and equipment Pueblo seized at approximately $60,000.

9. Pueblo has filed no charge against me in connection with that property, has given me no notice of any process by which I might recover it, and has not returned it. I am informed and believe that Pueblo is holding the property as evidence.

10. Colorado Springs continues to hold equipment cabinets and computers belonging to me that I estimate are worth more than $150,000.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on the ___1st___ day of July 2026.

_____
Trey Franzoy

2