**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03588-GPG-KAS

TREY FRANZOY, an individual;
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

      Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado
Division of Gaming, Colorado Department of Revenue, and in his individual capacity;
MICHAEL PHIBBS, in his individual capacity;
DANIEL J. HARTMAN, in his individual capacity;
KIRSTEN GREGG, in her individual capacity;
CITY OF GRAND JUNCTION, COLORADO;
CITY OF PUEBLO, COLORADO; and
CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

---

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO ALTER OR AMEND JUDGMENT**

---

Christopher Schroder (individually and in his official capacity as Director of Colorado Division of Gaming), Michael Phibbs, Kirsten Gregg, and Daniel Hartman ("State Defendants"), by and through their undersigned counsel, submit this Response to Plaintiffs' Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) (D. 80), as follows:

**ARGUMENT**

On July 6, 2026, Plaintiffs filed a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). (D. 80). Therein, Plaintiffs ask this Court to (1) vacate the Judgment

in this matter and reopen the case so that leave to amend certain claims, sought in

Plaintiffs' companion motion (D. 81), may be considered; (2) correct what they describe

as a factual misattribution on page 17 of the Court's dismissal Order; and (3) specify that

the dismissals of Director Schroder in his official capacity, along with those of Defendants

Grand Junction and Pueblo, are without prejudice. (D. 80, pp. 10-11). State Defendants

take no position on the first two requests, which do not pertain to them.

As to the third, State Defendants agree with Plaintiffs that dismissals for lack of

subject matter jurisdiction, including those based on sovereign immunity, are generally

without prejudice. (D. 80, pp. 8-9) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213,

1218 (10th Cir. 2006)). State Defendants further agree with Plaintiffs that a dismissal of

the official capacity claims, without prejudice, is harmonious with the Court's denial of

leave to amend Plaintiffs' claims against State Defendants on futility grounds. *Id.* at pp.

8-9 (citing 434 F.3d at 1219).

However, the Court here made no mistake or clerical error, Plaintiffs are not

harmed, and there is no need to amend the Judgment. State Defendants are aware of no

requirement that the Court specify "without prejudice" in the dismissal Order or Judgment,

and Plaintiff cites none. Nor is there any need to memorialize what the law already says.

*Id.* at 1218-19; *see also* Fed. R. Civ. P. 41(b)("[A]ny dismissal *not* under this rule – *except*

*one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19 –

operates as an adjudication on the merits.") (*emphasis added*).[1]

---

[1] If Plaintiffs complained that the Order explicitly said *with prejudice*, the point would be
well-taken, but that is not the case. Similarly, if this was a dismissal pursuant to Rule
12(b)(6), but *without prejudice*, the order should say that because Rule 12(b)(6) generally

**WHEREFORE**, for the foregoing reasons, the Court's Order and Judgment of June

8, 2026, do not require amendment or alteration and should be left undisturbed.

DATED this 21st day of July, 2026.

<div style="margin-left:40%">

Respectfully submitted,

RUEGSEGGER SIMONS & STERN, LLC

*s/ Jonathan K. Cooper*
Jonathan K. Cooper
Anthony E. Derwinski
1700 Lincoln St., Suite 4500
Denver, CO 80203
T: 303.575.8070
F: 303.623.1141
Email: aderwinski@rs3legal.com
Email: jcooper@rs3legal.com
*Attorneys for State Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide copies to all counsel of record.

<div style="margin-left:40%">

s/ Erica Longnecker

</div>

---

operates as an adjudication on the merits. But that is not the case here and does not apply to a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).