**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-3588-GPG-KAS

TREY FRANZOY, an individual;
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado Division of Gaming, Colorado Department of Revenue, and in his individual capacity;
MICHAEL PHIBBS, in his individual capacity;
DANIEL J. HARTMAN, in his individual capacity;
KIRSTEN GREGG, in her individual capacity;
CITY OF GRAND JUDCTION, COLORADO;
CITY OF PUEBLO, COLORADO; and
CITY OF COLORADO SPRINGS, COLORADO,

Defendants.

---

**CITY OF COLORADO SPRINGS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT UNDER FED. R. CIV. P. 59(e)**

---

Defendant the City of Colorado Springs ("Colorado Springs") files its response to Plaintiffs' Motion to Alter or Amend the Judgment Under Fed. R. Civ. P. 59(e) (Doc. 80, the "Motion").

## INTRODUCTION

In the Motion, Plaintiffs ask the Court to vacate the Final Judgment (Doc. 79), reopen the case, and allow them to file a Second Amended Complaint. They assert three grounds: (1) that denying leave to cure structural pleading defects would constitute manifest injustice; (2) that the

Order contained a factual misstatement regarding which city seized Plaintiffs' funds; and (3) that three dismissals rested on jurisdictional grounds and should have been labeled without prejudice.

None of these grounds warrants Rule 59(e) relief. Plaintiffs have not identified an intervening change in controlling law, newly available evidence, or clear error requiring correction. Instead, they seek to relitigate issues already decided and advance arguments that could have been raised before the Court entered judgment. The Court correctly dismissed Plaintiffs' claims after carefully analyzing the First Amended Complaint. Plaintiffs' attempt to reframe dismissal as a mere structural defect ignores the substantive failings the Court identified. The Motion should be denied.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment. The Tenth Circuit recognizes only three grounds for granting a Rule 59(e) motion: " '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Alpenglow Botanicals, Ltd. Liab. Co. v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018), quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, it "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Reconsideration of a judgment after its entry "is an extraordinary remedy that should be used sparingly." *Hicks v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 22-cv-2762-WJM-NRN, 2024 U.S. Dist. LEXIS 219991, at *3 n.1 (D. Colo. Dec. 5, 2024) (citation omitted). The decision to grant or deny a Rule

59(e) motion is left to the sound discretion of the trial court. *See, e.g., Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## ARGUMENT

### I. Plaintiffs Have Not Established Grounds for Rule 59(e) Relief.

Plaintiffs fail to satisfy any of the three recognized grounds for Rule 59(e) relief. They identify no intervening change in controlling law, no newly discovered evidence, and no clear error of law or manifest injustice requiring correction. Each of their arguments fails.

#### A. Denying Leave to Replead Does Not Constitute Manifest Injustice.

Plaintiffs argue that denying them an opportunity to cure the structural pleading defects the Court identified would constitute manifest injustice. (Doc. 80 at 5-6) This argument fails for two reasons. First, the Court did not dismiss based solely on structural deficiencies; the Court analyzed and rejected Plaintiffs' claims on their merits. Second, Plaintiffs have already had an opportunity to amend their complaint, and further amendment would be futile.

The Court's Order granted all four motions to dismiss and dismissed all of Plaintiffs' claims after carefully analyzing each claim against each Defendant. The Court determined that Plaintiffs failed to state a First Amendment claim against Grand Junction because *Central Hudson* did not apply to the ordinance and because the ordinance did not involve unbridled discretion under *Lakewood*. (Doc. 78 at 8-11, citing *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 566 (1980) and *City of Lakewood v. Plain Dealer Publ'g Co.,* 486 U.S. 750, 757 (1988).) The Court dismissed Plaintiffs' Fourteenth Amendment claim against Grand Junction because Plaintiffs did not allege a cognizable property interest and because the ordinance satisfied rational basis review. (*Id.* at 11-13) The Court granted the State Defendants qualified immunity because Plaintiffs failed to show that any clearly established constitutional right was violated. (*Id.*

at 13-17) The Court dismissed Plaintiffs' official-capacity claim against Schroder under the Eleventh Amendment because Plaintiffs failed to show ongoing enforcement or a demonstrated willingness to enforce. (*Id.* at 17-19) The Court dismissed Plaintiffs' claims against Colorado Springs for failure to establish municipal liability under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (2018). (*Id.* at 19-21) And the Court dismissed Plaintiffs' claims against Pueblo for lack of standing, finding that the alleged injury was not redressable. (*Id.* at 22-24)

These are substantive rulings on the merits of Plaintiffs' claims, not dismissals for pleading form alone. The Court's observation that the complaint was "a poorly structured kitchen sink of allegations" and was "significantly lacking in context and details" was context for the Court's analysis, not the basis for dismissal. (Doc. 78 at 2 n.1) The dismissals rested on failures to state cognizable claims, lack of standing, qualified immunity, sovereign immunity, and failure to establish municipal liability—all substantive grounds.

Plaintiffs cannot recast these substantive dismissals as mere structural defects curable by repleading. A Rule 59(e) motion is not a vehicle to relitigate issues already decided. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929-30 (10th Cir. 2019). Plaintiffs had the opportunity to plead their claims in their original and First Amended Complaints, and the Court analyzed those claims and found them wanting. That is not manifest injustice; it is the ordinary operation of the Federal Rules of Civil Procedure.

Moreover, the Court correctly determined that further amendment would be futile. (Doc. 78 at 24 & n.12) Plaintiffs had already filed one amended complaint as a matter of course before any motion to dismiss was filed. (*See* Doc. 25) The Court has discretion to deny leave to amend when amendment would be futile, and a proposed amendment is futile if the complaint, as

amended, would be subject to dismissal. *Full Life Hospice, LLC v. Sebelius,* 709 F.3d 1012, 1018 (10th Cir. 2013). Here, the defects the Court identified are not curable by repleading. Plaintiffs cannot plead around the lack of a clearly established constitutional right, the absence of municipal policy or custom, the lack of standing to assert claims on behalf of third parties, or the Eleventh Amendment bar to official-capacity suits.

Plaintiffs argue that they have now filed a proposed Second Amended Complaint that drops all State Defendants and Grand Junction and proceeds only against Colorado Springs and Pueblo. (Doc. 80 at 2) Even if the Court were to consider this proposed pleading, Plaintiffs' motion does not demonstrate that the new complaint cures the substantive defects the Court identified. Plaintiffs assert that they have pleaded "materially different facts on redressability" with respect to Pueblo, but they acknowledge that *Brereton* imposes issue-preclusion effect on the standing question actually decided. (Doc. 80 at 9) As for Colorado Springs, Plaintiffs have not shown that any new factual allegations would cure the failure to establish municipal policy or custom under *Monell*.

Denying leave to file a third complaint after Plaintiffs have already amended once and after the Court has analyzed and rejected their claims on the merits is not manifest injustice. It is the proper exercise of judicial discretion. The Court's decision should stand.

**B. The Alleged Factual Misstatement Does Not Warrant Relief.**

Plaintiffs argue that the Court committed clear error by stating that "the City of Pueblo, not the State Defendants[,] seized Plaintiffs' funds" when the complaint alleges that Colorado Springs seized the funds. (Doc. 80 at 7, quoting Doc. 78 at 17) Plaintiffs candidly acknowledge that this misstatement does not warrant reinstating any claim. (*Id.* at 8) They raise it only as "proof that there was at least one misreading" and to support their argument that the Court should reopen the case. (*Id.*)

This is not a proper basis for Rule 59(e) relief. A Rule 59(e) motion must identify an error that, if corrected, would alter the judgment. *See* Fed. R. Civ. P. 61 (unless justice requires otherwise, no error by the court or a party is ground for modifying, vacating, or otherwise disturbing a judgment or order); *Dizzley v. James*, No. 8:25-cv-01093-JD-WSB, 2026 U.S. Dist. LEXIS 8149, at *6 (D.S.C. Jan. 15, 2026) ("A dispute about background facts that does not affect the outcome does not constitute manifest injustice under Rule 59(e)."); *Behavioral Med. Consulting, Ltd. Liab. Co. v. CHG Co.*, No. 2:19-cv-00967 JNP, 2023 U.S. Dist. LEXIS 52263, at *5 (D. Utah Mar. 24, 2023) ("[A] Rule 59(e) motion that is premised on a putative error in the court's previous rulings should be denied if correction of the error would not affect the outcome of the case."); 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (3d ed.) ("[A]mendment of the judgment will be denied if it would serve no useful purpose."). In short, an error that does not affect the outcome is not grounds for reconsideration.

Plaintiffs admit that correcting the misattribution would not disturb the Court's holdings. (Doc. 80 at 8) Indeed, Plaintiffs have not shown that the Court's analysis of qualified immunity, standing, *Monell* liability, or any other issue would change if the Court corrected this factual detail.

Plaintiffs cannot use Rule 59(e) to correct a non-dispositive misstatement. The Motion fails on this ground.

### C. The Judgment Need Not Specify That Jurisdictional Dismissals Are Without Prejudice.

Plaintiffs argue that three dismissals rested on jurisdictional grounds under Rule 12(b)(1) and that the Judgment must be amended to specify that those dismissals are without prejudice. (Doc. 80 at 8-10) They cite *Brereton*, which holds that "where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice." (*Id.* at 9, quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).)

Plaintiffs acknowledge the limits of this argument. They do not contend that relabeling the judgment would revive the Pueblo standing claims, because *Brereton* holds that a standing dismissal carries issue-preclusion effect on the standing question actually decided. (Doc. 80 at 9) They do not re-assert the Schroder official-capacity claim or the Grand Junction sign-permit theory in the proposed Second Amended Complaint. (*Id.*) They raise this issue only because they believe "the without-prejudice character of a jurisdictional dismissal is fixed by law and should appear on the face of the Judgment." (*Id.* at 9-10)

This argument does not warrant vacating the Final Judgment and reopening the case. First, the Judgment does not expressly state that the dismissals are with prejudice. It simply states that the Court grants all four motions to dismiss and dismisses all of Plaintiffs' claims. (Doc. 78 at 24) Under Federal Rule of Civil Procedure 41(b), unless the dismissal order states otherwise, a dismissal under Rule 12(b)(6) operates as an adjudication on the merits, but a dismissal purely for lack of jurisdiction does not. *See Brownback v. King*, 592 U.S. 209, 218 n.8, 141 S. Ct. 740, 749 (2021). The without-prejudice character of a jurisdictional dismissal arises from the nature of the dismissal itself, not from a specific label in the judgment.

Second, Plaintiffs cite no authority requiring the Court to specify "without prejudice" on the face of a judgment dismissing for lack of jurisdiction. *Brereton* holds that such a dismissal must be without prejudice, but it does not hold that the judgment must expressly use those words. *See Brereton*, 434 F.3d at 1216.

Third, even if the Court were to amend the Judgment to clarify that the jurisdictional dismissals are without prejudice, that would not require vacating the judgment and reopening the case. The Court could enter a separate order or amended judgment clarifying the nature of the dismissals without disturbing the finality of the judgment or allowing Plaintiffs to file a new

complaint. Plaintiffs acknowledge that they need the case reopened under Rule 59(e) or 60(b) to pursue the relief they actually seek—leave to file a Second Amended Complaint. (Doc. 80 at 4) Amending the judgment's language does not provide that relief, and Plaintiffs have not shown that such an amendment is necessary or would serve any purpose given that they do not intend to pursue the dismissed claims. This ground fails.

## II. The Tenth Circuit Requires a Motion to Reopen Before Leave to Amend After Judgment.

Plaintiffs correctly acknowledge that Tenth Circuit precedent requires a party seeking to amend after judgment to first move to reopen the case under Rule 59(e) or 60(b) and then file a motion under Rule 15 for leave to amend. *Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004). Plaintiffs have filed both motions contemporaneously. However, the Court cannot and should not reach the Rule 15 motion (Doc. 81) unless and until it grants the Rule 59(e) motion (Doc. 80) and reopens the case.

Because Plaintiffs have not established any ground for Rule 59(e) relief, the Rule 59(e) motion should be denied, and the case should remain closed. The Court need not address the merits of Plaintiffs' proposed Second Amended Complaint or their arguments under Rule 15.

## III. Plaintiffs' Motion Is an Improper Attempt to Relitigate Issues Already Decided.

At its core, Plaintiffs' Motion is an attempt to relitigate issues the Court has already addressed. Plaintiffs argue that the Court misapprehended the claims asserted, that the Court's characterization of the case as involving "gambling" was incorrect, and that the Court should reconsider its rulings considering a shorter, clearer pleading. (Doc. 80 at 6-7)

These arguments do not fit within the narrow grounds for Rule 59(e) relief. Plaintiffs had the opportunity to plead their claims clearly and concisely in both the original and First Amended

Complaints. They had the opportunity to respond to the motions to dismiss. They cannot now use Rule 59(e) to obtain a third chance to present their case.

The Court did not abuse its discretion in denying further leave to amend or in entering final judgment. Plaintiffs have not shown that the judgment is erroneous, unjust, or in need of correction. The Motion should be denied.

## CONCLUSION

Plaintiffs have not established any of the three recognized grounds for Rule 59(e) relief. They have identified no intervening change in controlling law, no newly available evidence, and no clear error or manifest injustice requiring correction. The Court carefully analyzed Plaintiffs' claims and dismissed them on substantive grounds. Denying Plaintiffs a third opportunity to state their claims is not manifest injustice; it is the proper application of federal pleading standards and Tenth Circuit precedent. The alleged factual misstatement does not affect the Court's rulings. And the Judgment need not be amended to specify that jurisdictional dismissals are without prejudice.

For these reasons, the City of Colorado Springs respectfully requests that the Court deny Plaintiffs' Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) (Doc. 80).

Respectfully submitted this 17th day of August, 2026.

OFFICE OF THE CITY ATTORNEY
Stefanie Boster, City Attorney

*/s/ Anne H. Turner*
Anne H. Turner, Assistant City Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Phone: (719) 385-5909
Fax: (719) 385-5535
Email: anne.turner@coloradosprings.gov

*Attorneys for Defendant City of Colorado Springs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2026, I electronically filed and served the foregoing using the CM/ECF system, which will send notification of this filing to the following:

Edward C. Hopkins, Jr. - ed@rightslitigation.com
Raymond K. Bryant - raymond@rightslitigation.com
*Attorneys for Plaintiffs*

Jonathan Cooper - jcooper@rs3legal.com
Anthony E. Derwinski - aderwinski@rs3legal.com
*Attorneys for Christopher Schroder, Michael Phibbs, Daniel Hartman and Kirsten Gregg*

Nicholas C. Poppe - npoppe@ndm-law.com
*Attorney for City of Grand Junction*

L. Kathleen Chaney - kchaney@lclaw.net
Sara Hilario - shilario@lclaw.net
*Attorneys for City of Pueblo*

*/s/ Eri Howard*
Eri Howard, Legal Secretary