IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-03588-GPG-KAS

TREY FRANZOY, an individual;
PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and
CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado Division of Gaming, Colorado Department of Revenue, and in his individual capacity;
MICHAEL PHIBBS, in his individual capacity;
DANIEL J. HARTMAN, in his individual capacity;
KIRSTEN GREGG, in her individual capacity;
CITY OF GRAND JUNCTION, COLORADO;
CITY OF PUEBLO, COLORADO; and
CITY OF COLORADO SPRINGS, COLORADO,

Defendants.

---

**CITY OF PUEBLO, COLORADO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

---

Defendant, City of Pueblo, Colorado ("Pueblo"), by and through its attorneys, Lambdin & Chaney, LLP, respectfully submits its Response in Opposition to Plaintiffs' Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) (the "Motion") and states as follows:

## INTRODUCTION

Plaintiffs have not established the extraordinary circumstances necessary to reopen this action under Rule 59(e). Plaintiffs identify no intervening change in controlling law and

no newly discovered evidence. Instead, they identify two limited matters concerning the Court's Order and Final Judgment and seek to use them, together with previously available allegations, to vacate the Final Judgment and obtain another opportunity to amend their claims.

Neither identified matter requires reopening this action. Pueblo does not dispute the factual misattribution identified by Plaintiffs or the principle that jurisdictional dismissals are without prejudice. To the extent the Court determines that either matter warrants correction or clarification, such limited relief can be afforded without vacating the Final Judgment. Plaintiffs must therefore independently establish a basis for reopening under Rule 59(e), which they have not done.

Moreover, Plaintiffs' proposed Second Amended Complaint does not change that result. It relies on factual allegations that were available before this action was filed and does not cure several of the deficiencies underlying dismissal. The Court already considered further amendment and expressly determined that "Plaintiffs have already filed one amended complaint, and the Court determines an opportunity for further amendment would be futile." Doc. 78, pg. 24. Rule 59(e) does not permit Plaintiffs to use limited corrections or previously available allegations as a vehicle to reopen a final judgment and obtain another opportunity to plead their claims.

## ARGUMENT

### A. The Limited Corrections Identified by Plaintiffs Do Not Require Reopening This Action.

Plaintiffs identify two matters they contend warrant correction of the Court's Order or Final Judgment. Even assuming the Court determines that either matter warrants correction or clarification, neither establishes clear error or manifest injustice requiring vacatur of the Final Judgment and reopening of this action. The distinction is significant because Plaintiffs do not merely seek correction of the identified matters. Rather, they seek to use those matters as a basis to reopen this action so that the Court may consider their proposed Second Amended Complaint.

The relief Plaintiffs seek extends well beyond correcting either identified issue. Plaintiffs acknowledge that their separately filed Motion for Leave to File a Second Amended Complaint cannot be considered unless and until the Court first grants relief under Rule 59(e)**.** Doc. 80, pg. 1–2. Thus, Plaintiffs seek to use these limited corrections as a basis to reopen the action so that the Court may reach their proposed Second Amended Complaint, notwithstanding the Court's prior determination that further amendment would be futile. The relevant question under Rule 59(e), however, is not whether Plaintiffs now believe they can plead their claims differently, but whether the identified errors themselves constitute clear error or manifest injustice sufficient to disturb the finality of the Judgment. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

First, Plaintiffs identify a factual misattribution in the Court's Order concerning the seizure of $118,762.11. The First Amended Complaint attributed that seizure to Colorado Springs, while the Court's Order referred to Pueblo. Pueblo does not dispute that the Order incorrectly attributes that particular seizure to Pueblo. That misattribution, however, does not require reopening this action. Further, the misattribution appears in the portion of the Court's Order analyzing the claims against the State Defendants, not in the Court's analysis of the claims against Pueblo. Plaintiffs further concede that "[c]orrecting the misattribution would not, standing alone, disturb" the operative holding and that the error "is not offered as a freestanding basis for reinstating any claim." Doc. 80, pg. 8.

Instead, Plaintiffs attempt to transform this limited error into evidence of manifest injustice by tying it to the Court's criticism of the structure of their First Amended Complaint. Plaintiffs argue that the misattribution demonstrates "concrete proof" of the Court having to decipher a pleading it described as a "poorly structured kitchen sink of allegations" that was "significantly lacking in context and details that would enable the Court to properly understand the claims asserted." Doc. 80, pg. 2, 6–8.

That argument improperly attempts to convert deficiencies in Plaintiffs' own pleading into grounds for post-judgment relief. Rule 8 placed the burden on Plaintiffs to present a short and plain statement of their claims and, particularly in a § 1983 action involving multiple governmental defendants, to make clear "exactly who is alleged to have done what to whom." Fed. R. Civ. P. 8; *Robbins v. Oklahoma ex rel. Department of Human Services*, 519 F.3d 1242, 1249-1250 (10th Cir. 2008). The Court's difficulty navigating Plaintiffs' First Amended Complaint does not relieve Plaintiffs of that obligation or transform confusion

resulting from the manner in which Plaintiffs chose to plead their claims into manifest injustice.

Accepting Plaintiffs' position would effectively reward the very pleading deficiencies identified by the Court. A plaintiff could file an unclear or poorly organized complaint, require the Court to decipher overlapping allegations against numerous defendants, and then rely on any resulting confusion as evidence of manifest injustice warranting another opportunity to plead after judgment. The deficiencies that made the complaint difficult to adjudicate would thereby become the justification for reopening the action. Neither Rule 8 nor Rule 59(e) supports such a result. Rather, Rule 59(e) is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Second, Plaintiffs request that the Final Judgment expressly state that claims dismissed for lack of subject matter jurisdiction were dismissed without prejudice Pueblo recognizes that a dismissal for lack of subject matter jurisdiction must be without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). The Final Judgment does not state otherwise. To the extent the Court determines that clarification is appropriate, such clarification does not require vacating the Final Judgment or reopening this action.

The Final Judgment, however, does not state that the jurisdictional dismissals were "with prejudice." Accordingly, to the extent the Final Judgment should expressly state that those dismissals were without prejudice, the omission amounts, at most, to a clerical or ministerial omission that may be corrected without vacating the Judgment or reopening this

action. Plaintiffs themselves recognize the limited nature of the issue and "do not contend that relabeling the judgment, by itself, revives the standing claims." Doc. 80, pg. 9.

Further, the Tenth Circuit separately affirmed the denial of leave to amend based on futility. Plaintiffs expressly acknowledge that "Brereton itself affirmed a futility-based denial of leave." See *Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006); Doc. 80, pg. 9. Here, the Court likewise expressly determined that "Plaintiffs have already filed one amended complaint, and the Court determines an opportunity for further amendment would be futile." Doc. 78, pg. 24.

Rule 59(e) does not provide a mechanism for converting limited, non-dispositive corrections into an opportunity for further pleading after judgment. This is particularly true where the Court already considered further amendment and expressly determined it would be futile. The Court may correct the factual misattribution and clarify the jurisdictional dismissals, if it deems either appropriate, without disturbing the Final Judgment. Neither correction establishes clear error or manifest injustice sufficient to overcome the "strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

**B. Plaintiffs Have Not Satisfied the Limited Grounds for Disturbing a Final Judgment Under Rule 59(e).**

Rule 59(e) relief is limited to circumstances involving "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Although a Rule 59(e) motion may be appropriate where a court has

misapprehended the facts, a party's position, or controlling law, it is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

That limitation is particularly important after entry of final judgment. In *Nelson*, the Tenth Circuit explained that "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). "[G]iven the strength of this interest in finality," the Tenth Circuit has restricted the circumstances under which relief may be granted under Rule 59(e). *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

Plaintiffs do not identify an intervening change in controlling law. They likewise identify no newly discovered evidence that was unavailable when they filed their Complaint, amended their Complaint, or opposed Defendants' motions to dismiss. Rather, Plaintiffs expressly invoke only the clear-error and manifest-injustice grounds.

But the relief Plaintiffs seek extends far beyond correction of an error. They seek to vacate a final judgment so they may reorganize their claims, supplement their allegations, and present a differently pleaded case after receiving the Court's analysis. The strong interest in finality recognized in *Nelson* weighs directly against using Rule 59(e) for that purpose. The question is not whether Plaintiffs can now draft a pleading that better addresses the Court's Order. The question is whether Plaintiffs have established clear error or manifest injustice in the judgment already entered. They have not. Therefore, there is a strong interest weighing against reopening this matter pursuant to Rule 59(e).

**C. Plaintiffs' Desire to Replead with the Benefit of the Court's Order Does Not Establish Manifest Injustice.**

Plaintiffs principally contend that the deficiencies identified by the Court were "structural, not substantive" and that manifest injustice will result unless they receive another opportunity to correct them. Doc. 80, pg. 5. They emphasize the Court's characterization of the First Amended Complaint as a "poorly structured kitchen sink of allegations" and contend that their first amendment was not a meaningful opportunity to cure because it occurred before the Court identified those deficiencies. Doc. 80, pg. 5-7.

That argument improperly treats the Court's dismissal Order as though it supplied pleading requirements Plaintiffs could not previously have known. However, Rule 8 required Plaintiffs to provide a short and plain statement showing entitlement to relief. In a § 1983 action involving multiple government defendants, Plaintiffs themselves recognize the requirement that the complaint make clear "exactly who is alleged to have done what to whom." Fed. R. Civ. P. 8; *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249-1250 (10th Cir. 2008). Article III separately required Plaintiffs to allege injury, causation, and redressability, while the substantive law supplied the elements of each constitutional claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). Those requirements existed before the Court ruled.

Plaintiffs' contention that they should receive another opportunity because the Court had not previously identified their deficiencies would effectively convert an order granting dismissal into a roadmap for another pleading. Nothing in Rule 59(e) requires a court to

identify a pleading's deficiencies before the plaintiff becomes responsible for satisfying the Federal Rules and governing law.

More importantly, the Court did not overlook further amendment. It expressly determined that "Plaintiffs have already filed one amended complaint, and the Court determines an opportunity for further amendment would be futile." Doc. 78, pg. 24. That determination falls within the Court's discretion. Leave to amend is not automatic, and amendment may be denied for "undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); see also *Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007)* (recognizing futility as a proper basis to deny amendment).

Plaintiffs are therefore not asking the Court to correct an oversight concerning amendment. They are asking it to reconsider an issue it expressly decided. Their present belief that they can plead differently does not establish that the Court committed clear error when it exercised its discretion and determined that further amendment would be futile.

**D. Plaintiffs Have Not Demonstrated Clear Error in the Court's Dismissal of Their Claims Against Pueblo.**

Plaintiffs' Motion also fails to identify clear error in the Court's substantive analysis of the claims asserted against Pueblo. Although Plaintiffs emphasize the Court's criticism of the structure of the First Amended Complaint and identify two limited matters warranting correction or clarification, neither demonstrates that the Court clearly erred in dismissing Plaintiffs' claims against Pueblo.

The Court did not dismiss Plaintiffs' claims against Pueblo merely because the First Amended Complaint was difficult to decipher. Rather, the Court considered the allegations attributed to Pueblo and applied the governing constitutional and jurisdictional standards to those allegations. In addressing Plaintiffs' claims arising from Pueblo's cease and desist letters and licensing actions, for example, the Court separately considered injury and redressability. Although the Court recognized that Patriot's alleged loss of revenue resulting from fraternal organizations ceasing operation of its games could constitute a cognizable economic injury, the Court concluded that Plaintiffs failed to establish redressability because the requested relief ultimately depended upon the independent decisions of the fraternal organizations. Doc. 78, pg. 22–24.

Likewise, in addressing Plaintiffs' request for post seizure procedures, the Court expressly observed that "the complaint does not indicate that Pueblo seized any of Plaintiffs' property." Doc. 78, pg. 23. Plaintiffs now attempt to address that deficiency by alleging that Pueblo seized approximately $60,000 in property belonging to Plaintiff Franzoy. Doc. 80, pg.3. But that allegation does not demonstrate that the Court's ruling was erroneous based upon the allegations actually before it. Rather, it demonstrates that Plaintiffs now seek to supply an allegation they failed to include in the First Amended Complaint.

That distinction is critical under Rule 59(e). The relevant question is whether the Court committed clear error based upon the allegations before it, not whether Plaintiffs can now formulate additional allegations that might have affected the Court's analysis. Rule 59(e) is "not appropriate to revisit issues already addressed or advance arguments that

could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs therefore cannot establish clear error by comparing the Court's analysis of the First Amended Complaint with allegations they now propose to make after judgment. The Court adjudicated the claims Plaintiffs pleaded, not claims Plaintiffs might have pleaded. Plaintiffs' attempt to supplement those allegations after receiving the Court's ruling does not demonstrate that the Court clearly erred when it dismissed the claims actually before it.

**E. Plaintiffs Cannot Establish Manifest Injustice Through Facts That Were Available Before Judgment.**

Plaintiffs' effort to reopen the action is particularly problematic to the extent it relies upon factual allegations that were available before judgment.

Rule 59(e)'s "new evidence" ground requires evidence that was previously unavailable. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Tenth Circuit has further explained that evidence may support reconsideration where it is actually newly discovered or where counsel made a diligent but unsuccessful effort to discover it before the challenged ruling. *Monge v. RG Petro-Machinery (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012).

Plaintiffs make no such showing here. Most significantly as to Pueblo, Plaintiffs now seek to allege that Pueblo seized approximately $60,000 in equipment and money belonging to Plaintiff Franzoy during an April 5, 2025 enforcement action. Doc. 80, pg. 3. Plaintiffs expressly rely on that allegation as one of the purported concrete property injuries

supporting their proposed pleading. Yet the alleged seizure occurred months before Plaintiffs commenced this action on November 7, 2025. See Doc. 1, pg. 1.

If Pueblo seized Franzoy's own equipment and money, Plaintiffs necessarily knew that fact when they drafted their original and First Amended Complaints. The allegation therefore is not newly discovered evidence under *Servants of the Paraclete* or *Monge*, and Plaintiffs identify no diligence-related reason why it could not have been pleaded previously.

The omission was directly relevant to the Court's decision. When analyzing Plaintiffs' standing as to Pueblo, the Court specifically observed that the operative complaint did not indicate that Pueblo seized Plaintiffs' property. Doc 78, pg. 23. Plaintiffs now seek to supply precisely the factual allegation that was absent from their operative pleading.

Rule 59(e) does not permit a party to add previously available facts after judgment merely because the Court's Order demonstrated why those facts would have been useful. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019. Plaintiffs' failure to plead facts already within their knowledge does not constitute manifest injustice.

### F. Pueblo Briefly Addresses Plaintiffs' Motion for Leave to Amend to Preserve Its Objections.

Plaintiffs acknowledge that their Motion for Leave to File a Second Amended Complaint cannot be considered unless the Court first grants their Rule 59(e) Motion and reopens this action. Plaintiffs therefore recommend that the Court defer the deadline for Defendants to respond to their Motion for Leave until after the Court resolves the Rule 59(e) Motion. Doc. 81, pg. 3. Although Pueblo agrees that Plaintiffs' Rule 15 Motion is not

presently ripe for consideration, Pueblo briefly addresses the proposed amendment to ensure that it does not waive or otherwise lose the opportunity to oppose Plaintiffs' contention that the proposed Second Amended Complaint cures the deficiencies previously identified by the Court. Pueblo reserves the right to fully respond to Plaintiffs' Rule 15 Motion should the Court reopen this action and direct further briefing.

**a. The Proposed Amendment Relies on Facts That Were Available Before Judgment.**

Plaintiffs characterize the proposed Second Amended Complaint as curing the deficiencies identified by the Court. But several of the allegations they now rely upon are not newly discovered facts. Most significantly, Plaintiffs now allege that Pueblo seized approximately $60,000 in money and equipment belonging to Plaintiff Franzoy during the April 5, 2025 search of Steel City Eagles and retained that property without charging him or providing a procedure for its return. Proposed SAC ¶¶ 53, 56.

That alleged seizure occurred more than seven months before Plaintiffs filed this action on November 7, 2025. See Doc. 1. If the property belonged to Franzoy, Plaintiffs necessarily knew that fact when they filed the original Complaint and again when they later filed the First Amended Complaint. Plaintiffs nevertheless failed to allege it. Indeed, the Court specifically observed that "the complaint does not indicate that Pueblo seized any of Plaintiffs' property." Doc. 78, pg. 23.

The proposed amendment therefore does more than reorganize the pleading in response to the Court's Rule 8 concerns. It adds factual allegations that were available to Plaintiffs before this lawsuit was even filed and that they now recognize would have been

useful to addressing the Court's standing analysis. Plaintiffs identify no reason those facts could not have been pleaded in either of their prior complaints.

That point is particularly significant in the post judgment context. Plaintiffs already had two opportunities to plead their claims before the Court entered judgment, and the Court expressly determined that a further opportunity to amend would be futile. The fact that Plaintiffs can now identify additional allegations that might strengthen their theory does not make those allegations newly discovered or justify another opportunity to plead them after judgment.

**b. The Proposed Amendment Does Not Cure the Court's Redressability Concern.**

Plaintiffs contend that the proposed Second Amended Complaint cures the redressability defect identified by the Court because Pueblo possesses independent authority to cease enforcement against Plaintiffs and because the reactions of the host organizations are purportedly predictable. In support, Plaintiffs rely on *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025). That decision, however, does not eliminate the redressability problem identified by this Court.

In *Diamond Alternative Energy, LLC v. EPA*, the Supreme Court explained that when standing depends upon the conduct of independent third parties, the relevant inquiry is whether those third parties will likely react in "predictable" rather than "speculative" ways. *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 112–116 (2025). There, the challenged regulations required automakers to alter their vehicle fleets by producing more electric vehicles and fewer gasoline powered vehicles. The Court found a straightforward

causal relationship because the purpose of the regulations was to reduce the use of gasoline, fewer gasoline powered vehicles predictably meant fewer gasoline purchases, and the resulting reduction in sales directly injured fuel producers. *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 112–116 (2025).

The same predictable causal relationship is not alleged here. Enjoining Pueblo from enforcing its ordinance or licensing requirements would not require any fraternal organization to resume hosting Plaintiffs' machines. Each organization would remain independently free to determine whether it wishes to host the machines. Plaintiffs simply assert that removing Pueblo's enforcement would "predictably restore the hosting on which Patriot's revenue depends." Doc. 81, pg. 7. That allegation does not itself establish that the independent host organizations are likely to react in the manner Plaintiffs predict.

Indeed, the Court has already addressed this precise issue. The Court recognized Patriot's alleged loss of revenue as a cognizable injury but nevertheless concluded that the requested relief was insufficiently redressable because "the decision whether to host Plaintiffs' games ultimately lies with the fraternal organizations." Doc. 78, pg. 24. The Court further determined that it was "merely speculative, as opposed to likely," that an injunction against Pueblo would result in reinstatement of Plaintiffs' source of revenue because the First Amended Complaint contained no indication that the organizations would agree to host Plaintiffs' games again. Doc. 78, pgs. 23–24.

Here, nothing in the proposed Second Amended Complaint appears to allege that any particular fraternal organization has agreed to resume hosting Plaintiffs' machines if Pueblo's enforcement ceases, intends to do so, or otherwise will likely react in that manner.

The proposed pleading instead assumes that removal of Pueblo's enforcement will cause independent organizations to resume their prior business relationships with Patriot. That assumption does not resolve the third-party dependency that led this Court to conclude that the requested relief was insufficiently redressable.

**c. The Proposed Amendment Continues to Depend on the Premise That Plaintiffs' Machines Are Lawful Skill Based Games.**

The proposed pleading also continues to rest upon a legal premise Pueblo has disputed throughout this litigation. Plaintiffs repeatedly characterize their machines as lawful "skill based" contests and rely heavily on the Farley report and the Twenty First Judicial District Attorney's agreement not to prosecute the identified configuration. Proposed SAC ¶¶ 12–15. Plaintiffs expressly allege that their claims concern conduct taken against a configuration they contend is not gambling and argue that Pueblo acted improperly because it lacked a neutral means of distinguishing a lawful skill contest from a prohibited gambling device.

But the proposed Second Amended Complaint itself acknowledges that no Colorado official or court has ruled Plaintiffs' machines lawful and that the 2021 settlement agreement binds only the Twenty First Judicial District Attorney, not any other prosecutor, agency, or court. Proposed SAC ¶¶ 13–14. A decision by one prosecutor not to pursue charges is not a judicial determination that the machines are lawful and does not bind Pueblo.

This issue was addressed extensively in Pueblo's Motion to Dismiss. Plaintiffs cannot transform their own characterization of the machines as lawful skill-based contests into an established fact simply by repeating that characterization in a proposed amended pleading.

The Court itself recognized that gambling implicates no constitutionally protected right and "falls into a category of 'vice' activity that could be, and frequently has been, banned altogether." *United States v. Edge Broadcasting Co.*, 509 U.S. 418, 427 (1993). Doc. 78, pg. 13.

Accordingly, to the extent Plaintiffs' First Amendment, due process, and enforcement theories depend upon the premise that Pueblo was constitutionally prohibited from treating the machines as suspected gambling devices because Plaintiffs contend they were lawful games of skill, the proposed amendment does not cure that underlying legal problem.

**d. Plaintiffs' Reliance on the Device License Stickers Does Not Establish a Continuing Injury.**

Plaintiffs also attempt to establish a direct injury to Patriot by alleging that Pueblo accepted payment for device license stickers and then withheld those stickers. Proposed SAC ¶¶ 48, 56. This issue, however, was already addressed in Pueblo's Motion to Dismiss. See Doc. 36, pg. 9–11. Pueblo explained that the stickers were prepared but never retrieved by Plaintiffs and, more importantly, that the sticker-based licensing regime was eliminated by Pueblo City Council in May 2024. Doc. 36, pg. 9–10.

The proposed amendment does not change those circumstances. Recharacterizing the stickers as a direct injury to Patriot does not create a continuing controversy under a regulatory scheme that no longer exists. As Pueblo previously argued, repeal or amendment of a challenged law ordinarily moots claims directed at that law. *Citizens for Responsible Government State Political Action Committee v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000). See Doc. 36, pg. 10–11.

**e. The Proposed Second Amended Complaint Continues to Present Rule 8 Pleading Deficiencies.**

Finally, although Plaintiffs emphasize that the proposed Second Amended Complaint now pleads only one Defendant per count, the proposed pleading continues to present many of the same Rule 8 concerns previously identified by the Court. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and further requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8.

Several paragraphs of the proposed Second Amended Complaint span nearly an entire page and combine numerous factual allegations, legal conclusions, actors, and events within a single numbered paragraph. Count 3 likewise combines three distinct constitutional theories against Pueblo, including a Fourth Amendment unreasonable seizure claim, a First Amendment prior restraint claim, and a Fourteenth Amendment due process claim, together with municipal liability under *Monell*. Proposed SAC, Count 3. The pleading then alleges collectively that Pueblo's ordinance and licensing policy violated multiple constitutional provisions without separately identifying the elements of each constitutional theory or clearly explaining how the challenged conduct satisfies those distinct standards.

Thus, Plaintiffs' decision to plead one Defendant per count does not itself cure the Rule 8 deficiencies identified by the Court. The proposed pleading continues to require the Court and Pueblo to separate multiple factual allegations and constitutional theories contained within lengthy, compound paragraphs to determine the factual and legal basis for each claim.

## CONCLUSION

Plaintiffs have not established clear error or manifest injustice warranting reopening under Rule 59(e). The limited matters identified by Plaintiffs do not require vacatur of the Final Judgment, and their proposed Second Amended Complaint relies on previously available facts and does not cure several of the deficiencies underlying dismissal.

Accordingly, Pueblo respectfully requests that the Court deny Plaintiffs' Motion to the extent it seeks to vacate the Final Judgment and reopen this action. To the extent the Court determines that either limited matter identified by Plaintiffs warrants correction or clarification, Pueblo respectfully submits that such relief may be afforded without reopening this action.

Wherefore, Defendant City of Pueblo, Colorado respectfully requests that the Court deny Plaintiffs' Motion to Alter or Amend the Judgment to the extent it seeks to vacate the Final Judgment and reopen this action.

DATED this 17th day of August, 2026.

s/ *L. Kathleen Chaney*
L. Kathleen Chaney
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
Email: kchaney@lclaw.net
*Attorneys for Defendant City of Pueblo, Colorado*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2026, a true and correct copy of the foregoing **CITY OF PUEBLO, COLORADO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)** was filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward C. Hopkins Jr., Esq.
Raymond K. Bryant, Esq.
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400 80202
Phone: (720) 515-6165
E-mail: ed@rightslitigation.com
raymond@rightslitigation.com
*Attorney for Plaintiffs*

Jonathan K. Cooper, Esq.
Anthony E. Derwinski, Esq.
Ruegsegger Simons & Stern, LLC
Civil Rights Litigation Group
1700 Lincoln Street, Suite 4500
Denver, CO 80203
Telephone: (303) 575-8070
Email: jcooper@rs3legal.com
aderwinski@rs3legal.com
*Attorney for Defendants Phibbs, Hartman, Gregg, and Schroder in his individual capacity*

Anne H. Turner, Assistant City Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, CO 80903
Phone: (719) 385-5909
Email: anne.turner@coloradosprings.gov
*Attorneys for Defendant City of Colorado Springs*

*Printed copy with original signature on file at the office of Lambdin & Chaney, LLP*

s/ *L. Kathleen Chaney*
L. Kathleen Chaney, Esq.
LAMBDIN & CHANEY, LLP