**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03588-GPG-KAS

TREY FRANZOY, an individual; PATRIOT CONTEST & GAMES, LLC, a Wyoming limited liability company; and CHARLIE CHEDDA'S, LLC, a Wyoming limited liability company,

Plaintiffs,

v.

CHRISTOPHER SCHRODER, in his official capacity as Director of the Colorado Division of Gaming, Colorado Department of Revenue, and in his individual capacity; MICHAEL PHIBBS, in his individual capacity; DANIEL J. HARTMAN, in his individual capacity; KIRSTEN GREGG, in her individual capacity; CITY OF GRAND JUNCTION, COLORADO; CITY OF PUEBLO, COLORADO; and CITY OF COLORADO SPRINGS, COLORADO,

Defendants.

---

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT UNDER FED. R. CIV. P. 59(E)**

---

Plaintiffs reply to the City of Colorado Springs's Response in Opposition to Plaintiffs' Motion to Alter or Amend the Judgment Under Fed. R. Civ. P. 59(e) (Doc 91, filed August 17, 2026), to the City of Pueblo, Colorado's Response in Opposition to Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc 93, filed August 17, 2026), and, to the extent Docs 91 and 93 repeat its one point, to the State Defendants' Response to Plaintiffs' Motion to Alter or Amend Judgment (Doc 85, filed July 21, 2026), which took no position on reopening.

Neither city disputes that the Order misattributed the $118,762.11 seizure to Pueblo. Every responding Defendant agrees that the jurisdictional dismissals are without prejudice. Doc 85 at 2; Doc 91 at 6–7; Doc 93 at 2, 4–5. None argues prejudice, bad faith, or dilatory motive. What remains is whether the Court should reopen the case so that the pleading attached to Doc 81 can be measured under Rule 15(a)(2). The futility finding entered on June 8, 2026, rested on the observation that Plaintiffs "have already filed one amended complaint". Doc 78 at 24.

## ARGUMENT

### I. THE TWO CORRECTIONS ARE AGREED UPON, AND THE COURT SHOULD ENTER THEM, REGARDLESS OF WHAT IT DECIDES ABOUT REOPENING.

Pueblo "does not dispute that the Order incorrectly attributes that particular seizure to Pueblo." Doc 93 at 4. Colorado Springs disputes only its materiality. Doc 91 at 6. Pueblo "recognizes that a dismissal for lack of subject matter jurisdiction must be without prejudice." Doc 93 at 5. Whatever the Court decides about reopening, Plaintiffs ask that it correct Doc 78 at 17 and amend the Judgment to state that its three jurisdictional dismissals are without prejudice. Doc 80 at 10–11. Plaintiffs do not contend that those corrections alone reopen the case. Doc 80 at 10. Part V explains why the Judgment should nonetheless say what every party agrees the law provides.

### II. A TIMELY RULE 59(E) MOTION TO REOPEN FOR AMENDMENT ASKS WHETHER LEAVE WAS WRONGLY DENIED UNDER RULE 15(A)(2).

Colorado Springs says Plaintiffs must satisfy "the three recognized grounds for Rule 59(e) relief" and that otherwise the Court "cannot and should not reach the Rule 15 motion". Doc 91 at 3, 8. Pueblo says the question "is not whether Plaintiffs now believe

they can plead their claims differently, but whether the identified errors themselves constitute clear error or manifest injustice" sufficient to disturb the Judgment's finality. Doc 93 at 3. Rule 59(e) reaches "the need to correct clear error or prevent manifest injustice," and relief is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not a vehicle to reargue what was decided. *Id.* The Motion does not reargue the dismissal of the First Amended Complaint (the "FAC"). It invokes the clear-error and manifest-injustice grounds. Doc 80 at 3–4. And it identifies two errors of the kind *Servants* describes: the futility finding described above and the misapprehension of fact at page 17. Colorado Springs invokes the Tenth Circuit's sequence, which is to reopen under Rule 59(e) or 60(b) and then move under Rule 15. *Combs v. PricewaterhouseCoopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004); Doc 91 at 8. But neither city says what the reopening inquiry asks when the ruling at issue is a denial of leave entered without a pleading before the Court.

*Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368 (10th Cir. 1989), identifies the two procedural steps at issue here. There the plaintiffs had asked for leave only in the alternative in a response, filed nothing after dismissal, and lost on appeal for that reason. The court explained that after dismissal "plaintiffs must first reopen the case pursuant to a motion under Rule 59(e) or Rule 60(b) and then file a motion under Rule 15" and that "[i]n that event, in accordance with Rule 15," leave "shall be freely given when justice so requires." *Id.* at 371 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs filed both motions *Glenn* identifies. They filed a Rule 59(e) motion to

reopen. Doc 80 at 1. The same day, they filed a Rule 15 motion with the proposed pleading attached and expressly contingent on reopening. Doc 81 at 1. And "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182. Applying *Foman* to a request for leave made through a post-dismissal motion to reconsider, the Tenth Circuit reversed an implicit denial entered without stated reasons. *Triplett v. LeFlore County*, 712 F.2d 444, 446–47 (10th Cir. 1983). The plaintiff in *Triplett* had not amended before. *Id.* at 446. But the court reversed because no justifying reason was stated or apparent. *Id.* at 446–47. The absence of a prior amendment was one of several facts showing none was apparent. *Id.* at 446. An unpublished decision applied the same principle where judgment entered with the first dismissal. A timely Rule 59(e) motion remains the required "procedural mechanism" but "the standard for granting the motion is set by Rule 15(a)(2)." *Yellow Corp. v. Int'l Bhd. of Teamsters*, No. 24-3111, 2025 WL 3089412, at *5 (10th Cir. Nov. 5, 2025) (unpublished). The plaintiff there was already on a first amended complaint, and the court found no failure to cure deficiencies by amendments previously allowed. *Id.* at *2, *5. The point is not that a plaintiff may keep amending until it has had several chances. It is that the factor counts only an amendment the court allowed to cure an identified defect, which Part IV shows the FAC was not. These authorities respond to the standard the responses advanced. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003).

Two premises of the responses are mistaken. First, Pueblo argues that Plaintiffs must show "the extraordinary circumstances necessary to reopen this action under Rule 59(e)." Doc 93 at 1. Rule 59(e) does not require the same showing as Rule 60(b)(6). "Because Rule 59(e) does not threaten the finality of judgments to the same degree that Rule 60(b)(6) does," a Rule 59(e) movant need not show the "extraordinary circumstances" that Rule 60(b)(6) requires. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215–16 (2025). Second, Pueblo's finality point rests on *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Doc 93 at 7. *Nelson* reversed the grant of a second Rule 59(e) motion that repeated arguments the first had lost. A first, timely motion may seek relief for a misapprehension of fact or controlling law. *Servants*, 204 F.3d at 1012.

## III. The Futility Finding States a Conclusion Without a Reason, and Plaintiffs Sought Leave Before Judgment.

Both cities say the Court "correctly determined" or "expressly determined" that further amendment would be futile. Doc 91 at 4; Doc 93 at 9. Both rely on one sentence. Doc 78 at 24. The Order stated futility. It does not state why the defect it identified could not be cured by a shorter, clearer pleading. That defect was a pleading "significantly lacking in context and details that would enable the Court to properly understand the claims asserted." Doc 78 at 2 n.1. The Order's own standard is that a proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013); Doc 78 at 24 n.12; Doc 91 at 4–5. No proposed pleading was before the Court, and the Order does not say

how a complaint "as amended" would fail. That is the denial *Foman* describes and *Triplett* reversed.

The Court "attempted to discern . . . which claims apply to which Defendants to the best of its ability". Doc 78 at 2 n.1. A court in that position has described a Rule 8 problem. Rule 8 makes it particularly important that a § 1983 complaint against multiple defendants "make clear exactly who is alleged to have done what to whom". *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008); Doc 93 at 4. Page 17 records one consequence of that problem. There the Order reads the FAC as alleging that Pueblo seized funds the FAC attributes to Colorado Springs. Colorado Springs answers that footnote 1 "was context for the Court's analysis, not the basis for dismissal." Doc 91 at 4. But a futility judgment about the pleading the Order describes is not a judgment about the proposed pleading now before the Court (Doc 81-1), which was drafted to that description. Pueblo's concern is that reopening "would effectively reward the very pleading deficiencies identified by the Court." Doc 93 at 5. That concern is what the remaining *Foman* factors—repeated failure to cure, delay, bad faith, prejudice—exist to police. Part IV answers the two the responses invoke.

Moreover, Plaintiffs did not await a ruling before asking for leave to amend. Each of their four responses to the motions to dismiss requested leave to amend in the alternative. Doc 28 at 2, 12; Doc 42 at 36; Doc 43 at 21–23; Doc 44 at 2, 15–16. Those requests did not themselves require a ruling. *Glenn*, 868 F.2d at 370–71; *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). But they distinguish the decisions holding that a plaintiff who never requested leave cannot

complain of its denial. *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) (plaintiff "did not request leave to amend at any time in district court"); *Timken v. S. Denver Cardiology Assocs., P.C.*, 155 F.4th 1227, 1242 (10th Cir. 2025) (plaintiff "did not request to do so at any point during the proceedings"). Plaintiffs asked before judgment. They filed a motion with the cured pleading attached 28 days after the Order first described the defect. Doc 81 at 1; Doc 81-1. Colorado Springs says the Motion "does not demonstrate that the new complaint cures the substantive defects the Court identified." Doc 91 at 5. Two substantive holdings survive into the proposed pleading, and both were pleading holdings. The Court dismissed Colorado Springs because the FAC did not allege the Chief's involvement, a delegation of policymaking authority, or the Chief's knowledge. Doc 78 at 21. It dismissed Pueblo because the FAC alleged no injury Pueblo could redress. *Id.* at 23–24. The proposed pleading alleges each. Doc 81-1 ¶¶ 24–26, 34, 48, 52–53, 56; Doc 81 at 5–11.

## IV. ALREADY AMENDED ONCE, A THIRD CHANCE, AND PREVIOUSLY AVAILABLE FACTS ARE NOT *FOMAN* GROUNDS ON THIS RECORD.

The relevant *Foman* factor is "repeated failure to cure deficiencies by amendments previously allowed". 371 U.S. at 182. Colorado Springs speaks of "a third chance to present their case" (Doc 91 at 9) and Pueblo of "two opportunities to plead their claims before the Court entered judgment" (Doc 93 at 14). But the second of those chances, the FAC, was an amendment neither allowed by the Court nor directed at an identified defect. It was filed as of right on December 25, 2025, before the first motion to dismiss. Doc 25; Doc 27. *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087–88

(10th Cir. 2005), affirmed the denial of post-judgment leave to amend to a plaintiff who "had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave." Plaintiffs did not wait.

Pueblo argues that the facts of its April 5, 2025, seizure of Mr. Franzoy's machines and cash "were available before this action was filed" and are not newly discovered evidence. Doc 93 at 2, 11–14 (citing *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012)). The Motion did not invoke the new-evidence ground. Doc 80 at 3–4. And *Monge* concerns evidence offered to change a ruling, not a proposed pleading's allegations. Under Rule 15, prior knowledge bears on undue delay. The Tenth Circuit asks whether the movant has an adequate explanation for the delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206–07 (10th Cir. 2006). The explanation is on the record. The FAC pleaded the April 5 search. Doc 25 ¶ 40; Doc 78 at 4–5. The Order was the first to identify, as material to standing, the absence of an allegation that "Pueblo seized any of Plaintiffs' property." Doc 78 at 23. The proposed pleading supplied ownership and the absence of process within 28 days. Doc 81-1 ¶¶ 53, 56. Pueblo asserts no prejudice. And Patriot's standing does not depend on the seizure. Its withheld, paid-for license stickers and its destroyed revenue-share contracts are injuries Pueblo itself inflicted. *Id.* ¶¶ 48, 52, 56; Doc 81 at 6–7.

Colorado Springs' remaining points concern claims the proposed pleading does not make. It says Plaintiffs "cannot plead around" the absence of a clearly established right, the Eleventh Amendment, and third-party standing. Doc 91 at 5. The qualified-immunity and Eleventh Amendment holdings concerned the State Defendants. The

proposed pleading names neither the State Defendants nor Grand Junction. Doc 81 at 11–12. The Pueblo dismissal rested on redressability. Doc 78 at 23–24. The Order placed third-party standing in an alternative footnote. *Id.* at 24 n.11. Colorado Springs' final point is that the Motion "is an attempt to relitigate issues the Court has already addressed." Doc 91 at 8. It is not. The Motion called the "gambling" characterization "a merits question for another day." Doc 80 at 6–7.

## V. THE JUDGMENT SHOULD STATE WHAT EVERY RESPONDING DEFENDANT AGREES THE LAW PROVIDES.

Colorado Springs and the State Defendants say no authority requires the words "without prejudice" on a judgment because under Rule 41(b) a dismissal for lack of jurisdiction is not an adjudication on the merits. Doc 91 at 7 (citing *Brownback v. King*, 592 U.S. 209, 218 n.8 (2021)); Doc 85 at 2. The premise is right. The conclusion does not follow. Rule 41(b)'s exception applies to a dismissal "for lack of jurisdiction," and the Judgment does not say which of its dismissals are jurisdictional. It enters "judgment . . . in favor of Defendants against Plaintiffs." Doc 79 at 2. And the Order's futility finding spans every claim. Doc 78 at 24. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006), addressed that combination. A dismissal with prejudice for lack of standing "is inappropriate, and should be corrected to a dismissal without prejudice." *Id.* at 1216. And "[a] denial of leave to amend to repair a jurisdictional defect, even on futility grounds, does not call for a dismissal with prejudice." *Id.* at 1219. The court remanded to modify the judgment rather than leave the point to inference. *Id.* at 1219–20. As *Brownback* observes, a dismissal for lack of jurisdiction is still a judgment. 592 U.S. at 218. That is the reason a judgment's face matters. And the Tenth Circuit polices that

face. Absent a cross-appeal, it may not alter “a dismissal without prejudice to one with prejudice.” *Sanchez v. Torrez*, 173 F.4th 1202, 1225 n.3 (10th Cir. 2026). Colorado Springs agrees the Court “could enter a separate order or amended judgment clarifying the nature of the dismissals” (Doc 91 at 7). That is the relief Plaintiffs seek at a minimum. It requires no further proceedings and forecloses a later reading of the unqualified Judgment as a merits bar.

## CONCLUSION

Plaintiffs respectfully request that the Court (1) vacate the Judgment and reopen the case so that the Motion for Leave to File a Second Amended Complaint (Doc 81) may be decided under Rule 15(a)(2) against the proposed pleading; (2) at a minimum, amend the Judgment to state that the dismissals of Pueblo, of Schroder in his official capacity, and of the Grand Junction sign-permit theory rest on jurisdictional grounds and are without prejudice, and correct the misattribution at Doc 78 at 17; and (3) if the Court has any doubt whether the proposed pleading is futile, direct full briefing on Doc 81 before ruling, as Pueblo has requested, Doc 93 at 13.

*s/ Edward C. Hopkins Jr.*
Edward C. Hopkins Jr., Bar No. 43298
Raymond K. Bryant, Bar No. 42586
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(720) 515-6165
ed@rightslitigation.com
raymond@rightslitigation.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Edward C. Hopkins Jr.*
Edward C. Hopkins Jr.